THOMAS HIGHLAND *vs.* WILLIAM DRESSER and another.

July 1, 1886.

**Statute of Frauds — Guaranty — Consideration.—** Where a contract of guaranty is entered into contemporaneously with the principal contract, and is either incorporated in the latter, or so distinctly refers to it as to show that both agreements are parts of an entire transaction, the statute of frauds does not require a consideration to be expressed in the guaranty distinct from that expressed in the principal contract. This principle applied to a guaranty embodied in a written lease.

Appeal by defendants from a judgment of the municipal court of St. Paul.

*E. St. Julien Cox & Griffin*, for appellants.

*J. B. Brisbin*, for respondent.

DICKINSON, J.   This action is for the recovery of rent secured by a written lease of lands from plaintiff's assignor to the defendant Dresser.   Embodied in the lease itself was an agreement on the part of the defendant Funk, guaranteeing the performance of the terms of the lease on the part of the lessee, and the payment of the rent.   The instrument embracing the guaranty was executed by all of the parties.   Funk appeals from a judgment against both defendants, and in his behalf it is urged that the guaranty upon which he has been held liable did not express any consideration for his undertaking, and that it was therefore invalid under the statute of frauds.

When, as in this case, the contract of guaranty is entered into contemporaneously with the principal contract, and is either incorporated in the latter, or so distinctly refers to it as to show that both agreements are parts of an entire transaction, no consideration need be expressed in the guaranty distinct from that expressed in the principal contract.   In such case the consideration of the guaranty is apparent upon the face of the whole agreement, and that is enough. *Wilson S. M. Co.* v. *Schnell*, 20 Minn. 33, (40;) *Bailey* v. *Freeman*, 11 John. 221, (6 Am. Dec. 371;) *Church* v. *Brown*, 21 N. Y. 315; *Simons* v. *Steele*, 36 N. H. 73; *Nabb* v. *Koontz*, 17 Md. 283; *Culbertson* v. *Smith*, 52 Md. 628, 634; 1 Reed, St. Frauds, 433, 436.   This principle controls this case.

Judgment affirmed.