VAN DOREN and another, Appellants, vs. ROEPKE and another, Respondents.

*September 25 — October 12, 1900.*

*Statute of frauds: Contract for sale of lands: Memorandum: Requisites.*

1. A memorandum, signed by both parties, reciting, among other things, that, in consideration of the purchase of certain real estate, sufficiently described, for a specified price, the seller agrees to sell a certain stock of merchandise and store furniture and fixtures at cost, less an agreed discount, payments to be made at agreed times, satisfies the statute of frauds (sec. 2304, Stats. 1898), since it does not require resort to parol evidence to ascertain the terms of the contract, and is plain, distinct, and definite as to parties, property, price, and terms of payment.

2. Under said sec. 2304 it is not necessary that the memorandum should contain apt and definite words expressing the agreement to convey: it is sufficient if, from a consideration of the whole contract, it can be gathered that it is the intention of one party to convey and of the other to purchase.

APPEAL from an order of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action for the specific performance of the following contract:

"Memorandum of agreement made this 10th day of July, A. D. 1899, between Roepke & Meisner, partners, of Bir-

namwood, Wis., parties of the first part, and Van Doren & Andrews, parties of the second part, witnesseth:

" That the parties of the first part hereby agree to sell to the second part the entire stock of merchandise now in their store, on lots 1 and 2, block 10, of the village of Birnamwood, and in transit on orders for goods made up to this date,. provided the same cannot be canceled, and all store furniture, including counters, show cases, desks, tables, furnace, scales, etc., at cost price, not including freight, less five per cent. discount, and to transfer the insurance on building and stock now carried by parties of the first part. The above agreement is made in consideration of the purchase of the aforesaid lots 1 and 2, block 10, by the parties of the second part for the sum of $3,000.

" The parties of the second part agree to pay $1,000 for said stock of merchandise on the completion of the inventory of stock, and the balance in sixty days thereafter.

" ROEPKE & MEISNER.<br>" VAN DOREN & ANDREWS."

The complaint, by apt allegations, sets out the making of the contract and its delivery to plaintiffs, an offer to perform on their part, and a refusal of performance by defendants. A demurrer was interposed and sustained on the ground that the complaint did not state a cause of action. Plaintiffs appeal.

For the appellants there was a brief by *Wheeler & Van Doren*, and oral argument by *R. N. Van Doren*.

For the respondents there was a brief by *B. A. Cady* and *Bump, Kreutzer & Rosenberry*, and oral argument by *E. L. Bump*.

BARDEEN, J. The only question argued at the bar is whether the contract set out in the complaint is sufficient under sec. 2304, Stats. 1898. That section provides that every contract for the sale of lands or any interest in lands

shall be void "unless the contract or some note or memo-
randum thereof, expressing the consideration, be in writing
and be subscribed by the party by whom the lease or sale is
to be made or by his lawfully authorized agent." This sec-
tion has been before the court in many cases in which the
requisites of the "note or memorandum" of the contract
have been discussed. One of the latest expressions of this
court on that question may be found in *Harney v. Burhans,*
91 Wis. 348, where it is said: "It is not necessary that the
memorandum should contain all the parts of the contract,
or be formal. No matter how bunglingly it may be drawn,
it will satisfy the statute of frauds if it contains all the es-
sential terms of the contract, either by its terms or by refer-
ence to other writings, so that it will not be necessary to
resort to parol evidence to explain it. It must be definite
in respect to the intention of the parties, who they are, their
relation one to another, who is the seller, who the buyer,
the property, the price, and the terms of payment." The
respondents admit that all of these requirements have been
met in the contract in suit, except that there are no explicit
words expressing the agreement on their part to convey, or
of the other parties to purchase. To sustain this contention
they appeal to that portion of the contract which says:
"The above agreement is made in consideration of the pur-
chase of the aforesaid lots 1 and 2, block 10, by the parties
of the second part for the sum of $3,000."

A primary rule in the construction of a contract is that it
must be construed as a whole, and not in fragments. *Hosmer
v. McDonald,* 80 Wis. 54. Hence the attempt to test the con-
tract by reference to separate or detached portions must fail.
Neither is it necessary that the memorandum should contain
apt and definite words expressing the agreement to convey.
It is sufficient if, from a consideration of the whole contract,
it can be gathered that it is the intention of one party to
convey and of the other to purchase; the other conditions

above mentioned being present.    Thus, in *Schweitzer v. Connor*, 57 Wis. 177, the contract recited the receipt of a small payment of money, and then said: "This amount is paid to secure that portion" of certain described land at a stated price per acre, etc.    The language quoted was all that the contract contained with reference to the undertaking of the party selling, and the court held that it contained all the elements of a complete contract, and parol evidence was inadmissible to show that the seller reserved title to the timber on the land.    The purpose of the statute was to require all contracts for the sale of lands, or of an interest in lands, to be evidenced by some note or memorandum in writing, so as to preclude the necessity of a resort to parol evidence. When such note or memorandum contains the requisites hereinbefore noted, no matter how bunglingly it may have been drawn, the court is bound to consider it the contract of the parties, and enforce it accordingly.

Reading this contract as a whole, we do not very well see how any one can mistake the intention of the parties.    The obligations of the parties were mutual.    In consideration of the purchase of the real estate, which is sufficiently described, by the plaintiffs, the defendants also agree to sell the personal property mentioned.    The clear implication from the language used is that the defendants agree to sell the real estate for $3,000, and, to make it more certain, they agree specifically to transfer the insurance on the building. It requires no resort to parol evidence to ascertain the terms of the contract.    They are plain, distinct, and definite, as to parties, property, price, and terms.    The fair implication from the language used is that the defendants have bound themselves to convey, and by acceptance the plaintiffs have bound themselves to purchase.    The mutuality of the contract being determined, nothing remains for the courts to do, when appealed to, except to enforce it, unless some cir-

cumstances are shown which indicate that its enforcement would be inequitable.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings according to law.

CASSODAY, C. J., took no part.