Ellen O'Connor v. Ætna Life Insurance Company.*

Filed January 8, 1903. No. 12,325.

Commissioner's opinion, Department No. 3.

Mortgage: PAYMENT: LOAN: SURRENDER OF NOTE AND MORTGAGE: FORECLOSURE BY ASSIGNEE: LIMITATION. The plaintiff borrowed money to pay and discharge a mortgage on his farm, which was about to mature, giving his note secured by mortgage upon the

------

Syllabus by court; catch-words by editor.
* Rehearing allowed. See opinion, p. 129, *post.*

same premises for the amount borrowed. The lender under-
took and agreed to use the borrowed money to discharge the
first mortgage, and paid the same to the mortgagee without re-
quiring a surrender of the note and mortgage. Afterward an
assignee of the first note and mortgage commenced an action
to foreclose the same and the court found that she was a bona-
fide holder thereof and entered a decree foreclosing the mort-
gage. The borrower, after this decree had been affirmed in this
court, and more than five years after payment had been made to
the first mortgagee, brought suit against the party lending the
money to recover damages on account of neglect of its agent
in paying the money to the wrong party. *Held,* That the action
was barred by the statute.

ERROR from the district court for Dodge county. Action
by legatee to recover damages for failure to cancel mort-
gage given by testator. Plea of statute of limitations.
Tried below before GRIMISON, J. *Affirmed.*

*Frederick W. Button* and *Frank Dolezal,* for plaintiff
in error.

*Courtright & Sidner* and *Grant G. Martin* (*Samuel J.
Tuttle,* on motion for second rehearing), *contra.*

DUFFIE, C.

The plaintiff in error, who describes herself as "the sole
heir and legatee of Matthew O'Connor," brings this action
to recover damages claimed to have been suffered on ac-
count of the failure of the defendant to satisfy and dis-
charge a certain mortgage made by the plaintiff and her
deceased husband to one C. H. Toncray.

The facts appear to be that the O'Connors in 1885 bor-
rowed $450 from Toncray, securing their note therefor by
real estate mortgage. Toncray sold the note and mort-
gage to Agnes S. Campbell, but no assignment of the mort-
gage was recorded, and the O'Connors had no knowledge
of this sale or that Toncray was not the owner thereof, and
they paid him the amount due on the interest coupons
as they matured. Shortly before the maturity of this note
they applied to one McVicker for a loan to pay it, and they

executed another note for $450, payable to the defendant, the Ætna Life Insurance Company, likewise secured by mortgage upon their farm; and their claim is that the defendant, through its agent, McVicker, agreed to use this loan in paying and discharging the Toncray note and mortgage, and that it failed to make such payment, to their damage in the amount sued for. There is no dispute that McVicker paid to Toncray the amount due on the note and mortgage made to him and that Toncray entered satisfaction of the mortgage on the margin of the record. He did not, however, have possession of the note, which afterward turned up in the hands of Mrs. Campbell, who brought suit to foreclose the mortgage. After the commencement of her foreclosure proceeding, but before the O'Connors had filed answer, the Ætna Life Insurance Company sold its note made by the O'Connors and assigned the mortgage securing the same to one Smith, who intervened in the foreclosure suit instituted by Mrs. Campbell, asking a foreclosure of his mortgage. A decree in that case was entered foreclosing both mortgages, which was affirmed by this court on appeal taken by the O'Connors. See *Campbell v. O'Connor,* 55 Nebr., 638.

The negligence complained of is that McVicker paid Toncray the amount due on the note and mortgage made to him without taking up the note and mortgage or ascertaining that he was the owner thereof. The defense is that McVicker was not the agent of the defendant in making the loan and paying the Toncray note and mortgage, and also the statute of limitations.

We do not think it would be profitable to spend the time necessary for an examination of the evidence relating to the defense made, that McVicker was not the agent of the defendant in making the second loan to the O'Connors and in paying the Toncray note and mortgage, for the reason that we think the action barred by the statute. That McVicker was negligent in making such payment without obtaining a delivery of the note, there can be no question. That the payment was fruitless and of no bene-

fit to the O'Connors the judgment of this court in *Campbell v. O'Connor, supra,* is ample evidence. Assuming, then, that McVicker was the agent of the defendant in that transaction and that the defendant was liable to the O'Connors for the damages suffered by his negligent conduct, when did the cause of action for such damages accrue? We are of the opinion that they might have maintained an action as soon as the money was paid, and beyond any doubt an action accrued to them as soon as it was discovered that payment was made to the wrong party; and that fact came to the plaintiff's knowledge as early as the institution of the suit by Mrs. Campbell to foreclose her mortgage, which was sometime in 1893. The defendant, if liable at all, is liable for its failure to perform what it undertook and promised to do, viz., to pay and discharge the Toncray note and mortgage. It paid the money to one not entitled to receive it, and of this fact the O'Connors had full and complete notice by the institution of a suit against them by the true owner.

The rule appears to be well established that an action on contract accrues to the plaintiff from the time a breach of the contract occurs, and that for a tort committed no action accrues to a plaintiff until he has suffered damage from the wrong-doing of the defendant. It is quite apparent from the plaintiff's petition, and from the evidence contained in the record, that the defendant owed no duty to the plaintiff in this action independent of its contract to apply the money borrowed by O'Connor to discharge the Toncray mortgage. The neglected duty was one enjoined by contract. The failure by the defendant to perform was a failure to discharge its agreement, and this is the negligence complained of and for which damages are claimed. The fact that the breach of contract arose from negligence on the part of McVicker in not ascertaining that Toncray was the real owner of the mortgage before paying the money to him, establishes nothing more than a breach of the contract in not using diligence to ascertain that the money was paid to the proper party.

In Wood, Limitation of Actions, section 179, it is said: "In actions for injuries resulting from the negligence or unskillfulness of another, the statute attaches and begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained. The gist of the action is the negligence or breach of duty, and not the consequent injury resulting therefrom."

In *Wilcox v. Plummer*, 4 Pet. [U. S.], 172, 181, the action was to recover damages because of the mistake of an attorney in his professional capacity in the institution and prosecution of a suit on a promissory note. The question in the case was whether the statute commenced to run from the happening of the damages or at the time the mistake was made. The court said: "The ground of action here, is a contract to act diligently and skillfully; and both the contract and the breach of it admit of a definite assignment of date. When might this action have been instituted? is the question; for, from that time, the statute must run. When the attorney was chargeable with negligence or unskillfulness, his contract was violated, and the action might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved, and no more recovered; but on the other hand, it is perfectly clear that the proof of actual damages may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the damage is not the cause of action."

That the full damages which may arise from a breach of the contract are not known and could not be known at the time the breach occurs, does not prevent the running of the statute in favor of the defendant. Whoever breaks a contract makes himself liable for at least nominal damages by his failure to perform, and the right to recover nominal damages gives the other party a right of action, and from the time the right of action accrues the statute is put in operation. Even where the breach is not known to the complaining party the statute is not tolled unless

the defendant fraudulently conceals the facts. As said by Storrs, C. J., in *Bank of Hartford County v. Waterman*, 26 Conn., 324, 329: "Ignorance of his right on the part of the person against whom the statute has begun to run, will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time."

*Russell & Co. v. Polk County Abstract Co.*, 87 Ia., 233, contains an exhaustive and interesting discussion of the question here under consideration, and the conclusion was reached that in an action for breach of contract or from neglect to perform a duty arising from contract, the action accrues from the time of the breach.

That McVicker did not act fraudulently in the matter is admitted by a stipulation made between the parties and filed in the case, in which the following is set forth: "It is hereby agreed by and between parties hereto, that Matthew O'Connor, on November 28, 1885, executed and delivered to C. H. Toncray a note and mortgage for the sum of $450, payable to said C. H. Toncray, or order, due December 1, 1890, said mortgage being the one mentioned in the petition. About the time said note was due, said Matthew O'Connor borrowed $450 for the purpose of paying said Toncray note, and at the request of the lender executed note and mortgage to the defendant herein. Said loan was obtained through Robert McVicker as agent. The proceeds of last loan were paid promptly, and at or about the maturity of the Toncray note, payment being made December 17, 1890, to said Toncray for the purpose of paying said Toncray note, the said Robert McVicker, the said Matthew O'Connor and the lender at the time believing that a payment to Toncray would discharge the debt. But said Toncray had sold the note to Agnes S. Campbell, who later foreclosed on the Toncray note and mortgage, obtained a decree of foreclosure, and collected the same from said Matthew O'Connor on said decree."

The statute was not tolled, therefore, by any fraud committed by McVicker, who, with the O'Connors, "believed that a payment to Toncray would discharge the debt."

The plaintiff contends that the statute did not run in favor of the defendant, a foreign insurance company, for the reason that the defendant had not appointed an agent resident at the county seat, with authority to accept service of process under the provisions of section 23, chapter 43, of the Compiled Statutes of 1891.* A careful reading of that statute discloses that it relates to the transaction by foreign companies of an insurance business, proper, or, in the language of the statute, "to take risks or transact any business of insurance in this state"; and while the loaning of money and the investment of its surplus funds is a legitimate and necessary part of the business of an insurance company, it is not taking risks or transacting the business of insurance. During all the time from the payment made to Toncray to the commencement of this action, the defendant had an agent in this state, appointed under the provisions and as required by section 5, chapter 16, of the Compiled Statutes of 1891,† on whom service of process might have been made, and it was one of those agents on whom process was finally served and the defendant brought into court. There has been no interval since McVicker undertook to pay and discharge the Toncray mortgage that the defendant has not had a duly appointed agent in the state upon whom service of summons might have been had. The statute was not tolled, therefore, on account of its failure to comply with our statute, by reason of which service of process could not be had.

We think the district court was right in directing a verdict for the defendant, and recommend an affirmance of the judgment.

AMES and ALBERT, CC., concur.

*Cobbey's Annotated Statutes, sec. 6422.
†Cobbey's Annotated Statutes, sec. 6443.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed May 18, 1904. *Judgment below reversed:*

Commissioner's opinion. Department No. 2.

1. **Contract to Pay and Discharge a Certain Note and Mortgage:** TIME AT WHICH RIGHT OF ACTION WAS MATURE. The defendant entered into a contract with the plaintiff's testator to pay off and discharge a certain note and mortgage executed by the latter to a third party, and to keep and save him harmless from and against the same. *Held*, (1) that the first clause is an absolute undertaking to pay the debt, and upon a failure of the defendant to pay the same within the time contemplated by the contract, a cause of action at once accrued in favor of the testator or his legal representatives; (2) that the latter clause is an undertaking to indemnify the plaintiff against such note and mortgage, and the defendant did not become liable and no cause of action accrued thereon to the testator or his representatives, until they had been damnified by reason of the paper against which the testator was indemnified.

2. **Evidence.** Evidence examined, and *held* sufficient to require the submission of the cause to the jury.

3. **Former Judgment Vacated.** Former judgment in accordance with an opinion reported *ante*, page 122, vacated.

ALBERT, C.

Most of the facts necessary to a proper understanding of this case are set out in a former opinion, reported *ante,* page 122. A rehearing was ordered, and the cause submitted to this department for an opinion.

The recommendation in the former opinion is based exclusively on the ground that the action was barred by the statute of limitations, and that conclusion is based on the theory that the action is for damages resulting from the negligent performance of a contractual duty. That theory, we are now satisfied, is untenable. The principal

Syllabus by court; catch-words by editor.

case cited in the former opinion in support of that theory is *Russell & Co. v. Polk County Abstract Co.*, 87 Ia., 233, 43 Am. St. Rep., 381. In that case the plaintiff had employed the defendant to furnish an abstract of title. A judgment lien was omitted from the abstract, and in consequence of such omission the plaintiff sustained damages for which the action was brought. The plaintiff's theory of the case was that his right of action did not accrue until he had been damaged by the mistake; the defendant's theory was that it accrued when the abstract was furnished. The court held with the defendant. But that case differs from this. In that case there was at least an implied undertaking on the part of the defendant to use due care and skill in making the abstract, and upon its failure to use such care and skill there was at once a breach of its undertaking. To say that the omission of the judgment from the abstract was negligence is only another way of saying that the defendant failed to keep and perform its undertaking to the plaintiff. In the case at bar the undertaking of the defendant, as set forth in the petition and shown by the evidence, was to pay off and discharge the Toncray note and mortgage, and "keep and save said Matthew O'Connor [the testator] and the plaintiff free and harmless of and from the same." It will be seen, therefore, that it was not an undertaking that the defendant would use due diligence in ascertaining the party to whom payment should be made, and in making payment to such party, but an absolute undertaking to make payment to the party entitled thereto, and to indemnify the O'Connors against the Toncray note and mortgage. In that view of the case, the question is not whether the defendant was negligent in the performance of its contractual duty, but whether it performed such duty, and the fact that the amount due on the Toncray note and mortgage was paid to Toncray, instead of to the lawful holder of the paper, has no bearing on the question as to the time when the breach of contract occurred.

As we have seen, the defendant engaged to do two

things, namely, to pay off and discharge the Toncray note and mortgage, and to indemnify the O'Connors against such paper.  The undertaking does not differ in principle from that involved in *Wright v. Whiting,* 40 Barb. [N. Y.], 235.  There, upon the dissolution of two firms, the defendant had entered into an undertaking with the plaintiff, who was one of the partners, to pay the debts of the two firms, and to save the plaintiff harmless from and against such debts.  As to the first clause, the court held that it was an absolute and positive promise to pay the debts, and upon a failure of the promisor to keep and perform such promise, a right of action at once accrued in favor of the promisee, although he had paid none of the debts and had sustained no actual damage.  The following cases are to the same effect:  *Dye v. Mann,* 10 Mich., 291; *In re Negus,* 7 Wend. [N. Y.], 499; *Churchill v. Hunt,* 3 Den. [N. Y], 321; *Douglass v. Clark,* 14 Johns. [N. Y.], 177.  But as to the second clause, the court held that the promisor was not liable, and no right of action accrued to the promisee, until the latter had paid the debts or some portion of them.  In *Gregory v. Hartley,* 6 Nebr., 356, this court said (p. 361) : "The rule is well settled that if a condition or promise be only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damage has been sustained by the plaintiff."  To the same effect are the following:  *Forbes v. McCoy,* 15 Nebr., 632; *Honaker v. Vesey,* 57 Nebr., 413; *Chace v. Hinman,* 8 Wend. [N. Y.], 452, 24 Am. Dec., 39.

The construction placed on the contract in *Wright v. Whiting, supra,* commends itself to us, and there can be no doubt that it fits the contract involved in this case. The petition in the case at bar is sufficiently broad to cover both clauses of the undertaking, and to show a breach, both of the undertaking to pay, and of that to indemnify.  But there is no need to concern ourselves about the first, because every item of actual damage which resulted by reason of the breach of the undertaking to pay the note is an element of the damages recoverable for a breach of the

undertaking of indemnity. It is clear, therefore, that if the plaintiff's right to recover for the latter breach is not barred, the fact, if it be a fact, that his right to recover for the former is barred, has no substantial effect on his right to recover in this action. As we have seen, a breach of the indemnity undertaking occurred as soon as the testator or the plaintiff made payment, in whole or in part, of that against which they were indemnified by the defendant. Such payment was made within less than four years before the commencement of this action, and then, and not before, did the plaintiff's cause of action for breach of the indemnity undertaking accrue. It follows, therefore, that the action was not barred by the statute of limitations, and that the former conclusion on that point is wrong.

It is urged that there is no evidence tending to show that McVicker, the agent who made the loan and undertook to discharge and pay off the Toncray note and mortgage, was acting for the defendant in that behalf. The evidence bearing upon that point runs through the greater part of a fair-sized bill of exceptions, and it is impossible to condense it in such a way as to indicate the weight that should be given it. The writer has gone over it, not once but many times, and is satisfied that it is amply sufficient to warrant the submission of the cause to the jury, and that it was error to direct a verdict for the defendant.

It is recommended that the former judgment of this court be vacated, and the judgment of the district court reversed, and the cause remanded for further proceedings according to law.

FAWCETT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is vacated, and the judgment of the district court reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.