SCOLLARD, Respondent, vs. BACH and another, Appellants.

*May 11—June 5, 1908.*

*Contracts: Statute of frauds: Statement of consideration for guar-anty.*

In an action in which supplementary proceedings were pending, a written stipulation for settlement provided in one paragraph that defendant should pay to plaintiff a certain sum in instal-ments at certain dates and that "in consideration thereof and in consideration of the *promises hereinafter noted by the other parties hereto*" plaintiff should accept such payments in full satisfaction of the judgment. This paragraph was signed by plaintiff and defendant. A second paragraph in the same docu-ment was signed by two other persons, who thereby guaran-teed "full performance for said plaintiff by defendant *at the times aforesaid.*" *Held,* that there was but one contract or instrument and that the consideration for the guaranty was sufficiently expressed therein to satisfy the requirements of the statute of frauds, sec. 2307, Stats. (1898).

Scollard v. Bach, 136 Wis. 63.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge.   *Affirmed.*

The appeal is from an order overruling a demurrer to the complaint.

For the appellants there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. A. Teall.*

Among other references upon the part of the appellants were the following: *Miami Co. Nat. Bank v. Goldberg,* 133 Wis. 175, 113 N. W. 391; subd. 2, sec. 2307, Stats. (1898); *Reynolds v. Carpenter,* 3 Pin. 34; *Taylor v. Pratt,* 3 Wis. 674; *Parry v. Spikes,* 49 Wis. 384, 5 N. W. 794; *Willard v. Bosshard,* 68 Wis. 454, 32 N. W. 538; *Twohy M. Co. v. Ryan D. Co.* 94 Wis. 319, 68 N. W. 963; *Waldheim v. Miller,* 97 Wis. 300, 72 N. W. 869; *Comm. Nat. Bank v. Smith,* 107 Wis. 574, 83 N. W. 766; *Coxe Bros. & Co. v. Milbrath,* 110 Wis. 499, 86 N. W. 174; *Klee v. Stephenson,* 130 Wis. 505, 110 N. W. 479.

*J. A. Eggen,* for the respondent.

Among other references upon the part of the respondent were the following: Browne, Stat. Frauds, §§ 406, 495; *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031; *Blakeslee v. Rossman,* 43 Wis. 116; De Colyar, Guar. 174; *Evenson v. Bates,* 58 Wis. 24, 15 N. W. 837; *Herbst v. Lowe,* 65 Wis. 316, 26 N. W. 751; *Gillmann v. Henry,* 53 Wis. 465, 10 N. W. 692; Bouvier, Law Dict. INSTRUMENT; *Shook v. Vanmater,* 22 Wis. 532; *Young v. Brown,* 53 Wis. 333, 10 N. W. 394; *Waldheim v. Miller,* 97 Wis. 300, 72 N. W. 869; *Van Doren v. Roepke,* 107 Wis. 535, 83 N. W. 754.

TIMLIN, J.   The only question raised by the demurrer is whether, in the following contract, the consideration is sufficiently expressed to satisfy the requirements of the statute of frauds, sec. 2307, Stats. (1898):

"[Title of Cause.]   Whereas, proceedings supplementary to execution are now pending in said action and the parties are desirous of effecting a settlement: It is hereby stipulated

that defendant pay to plaintiff, or his attorney, the sum of twenty-five dollars at or before delivery of this instrument and not less than five dollars on the first of each and every month, beginning with the first day of April, 1901, until, including the said twenty-five dollars, the sum of $433.20 shall have been fully paid, and that, if his financial condition warrant, he may be required to pay said sum in larger instalments, not exceeding ten dollars per month. In consideration thereof and in consideration of the promises hereinafter noted by the other parties hereto, plaintiff agrees to accept such payments when made as aforesaid, as a full satisfaction of the judgment in his favor and against defendant herein; he also agrees to release said judgment of record within three days from the delivery of this instrument and to pay all costs incurred subsequent to the entry of said judgment.

> "W. E. SCOLLARD, Plaintiff.
> "DAVID FRIEDMAN, Defendant.

"2. We, the undersigned, jointly and severally guarantee the full performance for said plaintiff by defendant at the times aforesaid, and further agree that no delay on the part of the defendant in making any such monthly payments, or by plaintiff in enforcing the same, is to be construed as in any way releasing either of us from any liability incurred by virtue of our signatures to this instrument.

> "Dated April 8, 1901.    JACOB BACH.
> "JOSEPH CASPARI."

The fact that the signatures of the two principals appear appended to the first paragraph in the foregoing contract, and the signatures of the two sureties or guarantors separately to the second paragraph, would indicate an intention of the parties to make two separate contracts. But this inference is overborne by the language of the guaranty referring to "the times aforesaid." This means the times for payment specified in the preceding paragraph, and forms a connecting link between the separate paragraphs of this document. In the first paragraph the plaintiff *Scollard* undertakes to do certain things, after the delivery of the instrument, "in consideration of the promises hereinafter noted by the other parties hereto." There were no other promises thereinafter

noted than those of the sureties.    There were no "other par-
ties" to the contract except the sureties.    It would do vio-
lence to the language of this instrument to hold that the
words "the other parties hereto" meant Friedman alone.    So
that we have one instrument, in which instrument the consid-
eration of the guaranty is expressed.    *Blakeslee v. Rossman,*
43 Wis. 116; *Harney v. Burhans,* 91 Wis. 348, 64 N. W.
1031; *Van Doren v. Roepke,* 107 Wis. 535, 83 N. W. 754;
*Young v. Brown,* 53 Wis. 333, 10 N. W. 394; *Otis v. Has-
eltine,* 27 Cal. 80; *Highland v. Dresser,* 35 Minn. 345, 29
N. W. 55; Browne, Stat. Frauds, § 406.

*By the Court.*—The order of the circuit court is affirmed.