# E. W. ALGER v. MINNESOTA LOAN & TRUST COMPANY.[1]

October 13, 1916.

Nos. 19,909—(60).

**Order appealable.**

An order, signed by a judge of the district court, which "adjudged" that a judgment of the probate court for a specific sum of money was "affirmed," and did not direct the entry of any further judgment, *held* to be a judgment within the rule of Hotchkiss v Cutting, 14 Minn. 408, 412 (537, 542), and hence appealable.   [Reporter.]

December 29, 1916.

**Contract — consideration expressed on face of agreement.**

1. A contract attached to and delivered with a certificate of corporation stock sold the same day recited the purchase of the stock and the payment of the price, and stipulated that the vendors agree to pay a percentage of the price annually for five years. It is *held* that the agreement is upon a sufficient consideration and that the consideration is expressed on the face of the agreement.

[1] Reported in 159 N. W. 565, 160 N. W. 765.

**Statute of frauds — instrument valid.**

2. The instrument is not, therefore, invalid under the statute of frauds, G. S. 1913, § 6998.

In the matter of the estate of Laura D. Sims, deceased, Dr. E. W. Alger filed in the probate court for Hennepin county a claim for professional services for $186. The executor admitted the claim to the extent of $35 only, claiming in behalf of the estate as offsets a balance of $30.41 due upon a note of claimant held by it and the sum of $500 due from him on account of a written agreement in which he acknowledged receipt from deceased of $1,000 and promised to pay her ten per cent per annum on that amount for five years. From the judgment of the probate court against claimant for the sum of $369.40 in favor of Minneapolis Loan & Trust Company as executor of the will of decedent, claimant appealed to the district court for that county. The appeal was heard before Dickinson, J., who made findings and affirmed the judgment. From the order affirming the judgment, E. W. Alger appealed. Respondent moved for affirmance of the judgment. Appellant moved to dismiss his own appeal on the ground that the order appealed from was not appealable. Order or judgment affirmed.

*R. T. Boardman,* for appellant.

*J. M. Martin* and *Earl H. Haverstock,* for respondent.

On October 13, 1916, the following opinion was filed:

PER CURIAM.

Appellant filed a claim in probate court. The probate court gave judgment against him on a counterclaim. He appealed to the district court. The district court disposed of the case in the following language:

"It is ordered and adjudged that the judgment of the Probate Court for Three Hundred Sixty-nine and Forty-one Hundredths Dollars ($369.41) against E. W. Alger, and in favor of said Executor, dated July 31, 1915, be and the same hereby is affirmed, with Ten Dollars ($10.00) costs to the Respondent."

On March 28, 1916, appellant appealed to this court "from the order of the district court." No record or brief has been printed as required by

Rule 11. Appellant is in default, and respondent asks that the "order" of the district court be affirmed under Rule 12. Appellant resists this, contending that the "order" was but an order for judgment, and not a judgment, and that it was not appealable, and he asks that the appeal be dismissed.

If this is but an order for judgment, it is not appealable. The question then is, was this an order for a judgment or a judgment. It seems to us it was for all practical purposes a judgment. By its terms it is "adjudged" that the judgment of the probate court "be and the same hereby is affirmed." It does not direct the entry of any further judgment, nor does it seem to contemplate any. Perhaps it was not preceded, as a judgment in such cases should be, by findings and an order for judgment, but that does not necessarily determine its character. In form and in substance it purports to be a final disposition of the case. If it were signed by the clerk of the court as the statute provides (G. S. 1913, § 7898), none could question its regularity of form. But it is signed by the judge, and in this respect alone it is irregular. It was held in Hotchkiss v. Cutting, 14 Minn. 408, 412 (537, 542), that a judgment signed by the judge and not by the clerk was, though irregular in form, nevertheless a judgment. At the time that decision was rendered, the mode of signature was prescribed by rule of court, and not by statute (Jorgensen v. Griffin, 14 Minn. 346 (464), but we are of the opinion that the same rule should be applied here. The so-called "order" is in effect the judgment of the court, and it is appealable. See also Levi v. Longini, 82 Minn. 324, 84 N. W. 1017, 86 N. W. 333.

It follows also that appellant is in default. He does not ask to be relieved therefrom, and the order or judgment appealed from is affirmed.

On December 29, 1916, the following opinion was filed:

HALLAM, J.

Appellant filed a claim against the estate of deceased. The claim and the amount of it are undisputed. The executor interposed a counterclaim in the amount of $500 based on an agreement dated November 6, 1909, attached to and delivered with a certificate of stock of the Standard Ink Company, sold by I. D. Alger and E. W. Alger to deceased, which agreement reads as follows:

"This is to certify that we, the subscribers, have this day sold at par value to Laura D. Sims, one hundred shares of the capital stock of the Standard Ink Company, of Minneapolis, Minnesota, and received payment in full therefor in amount of $1000, the same being described as certificate number 13 for 100 shares of date Nov. 6, 1909.

"We severally and jointly promise to pay to Laura D. Sims, or her assigns, the sum of ten per cent per annum on the amount, $1000, payable on the 6th day of Nov. each year. This guarantee expires at the end of five years unless dissolved by mutual consent before that time.

(Signed)  I. D. ALGER,<br>E. W. ALGER."

It is admitted that the Algers received the money of deceased, and that they signed this so-called guaranty and that it has never been made good. There would seem to be no doubt that they gave this guaranty intending that it should signify an obligation on their part, and that it should be operative according to its terms. Two objections are raised to it:

1. That it is a "nude pact."

2. That it is within the statute of frauds and expresses no consideration.

1. As to the first proposition, the contention is, that the recital in the contract that "the subscribers have this day sold" the stock mentioned "and received payment in full therefor" signifies that the sale of the stock had previously been completed and executed, and, that "a past consideration will not support an agreement of this kind." We might agree with this statement of the law, but we cannot agree as to the meaning of the language of the contract. To us it appears that the only fair construction of this language is that it states one entire transaction, and not two disconnected contracts. The transaction described is a sale by the Algers to deceased of 100 shares of corporation stock for $1000, with an agreement or guaranty by them that deceased should receive 10 per cent on the amount of the purchase price annually for five years, the purchase of the stock and the payment of the price being the consideration for the promise of the Algers to pay or guarantee this return. The consideration is ample and it is expressed on the face of the contract. Highland v. Dresser, 35 Minn. 345, 29 N. W. 55. There is

JOSEPH V. CHICAGO, B. & Q. R. CO.

nothing in the contract or in this transaction that militates against this construction, except the use of the past tense "we * * * have * * * sold * * * and received payment." This language is not unusual in describing a present sale. Many deeds of conveyance are drawn in this form. Inasmuch as the guaranty was attached to and delivered with the stock sold, the intention of the parties that the sale and guaranty constituted one transaction would seem clear. See Beeson v. Day, 78 Minn. 88, 80 N. W. 864.

2. What we have said disposes also of the objection that the instrument is invalid under the statute of frauds. The objection is that it is within both the first and second subdivisions of section 6998, G. S. 1913, and the ground of invalidity urged is that it does not express the consideration as that section of the statute requires. Since we hold that the consideration is expressed in the instrument, it is not necessary that we consider further the question of the applicability of the statute.

Order affirmed.