### AND IN THE

## SUPERIOR COURT, COURT OF OYER AND TERMINER AND COURT OF GENERAL SESSIONS

OF

## DELAWARE

### BEGINNING SEPTEMBER, 1921

---

THE RED MEN'S FRATERNAL ACCIDENT ASSOCIATION OF AMERICA, a corporation of the State of Massachusetts, d. b. a., *vs.* JOSEPH WILSON MERRITT, p. b. r.

1.  COURTS—STATUTE OF LIMITATIONS MAY BE PLEADED ON APPEAL FROM COURT OF COMMON PLEAS.
    Under 29 *Del. Laws, c.* 250, defendant, on appeal to Superior Court from a default judgment of the court of common pleas, may plead the statute of limitations.

2.  PLEADING—LIMITATION STATUTE, THOUGH NOT FAVORED DEFENSE, MAY NOT BE STRICKEN EXCEPT FOR LEGAL CAUSE.
    Though the statute of limitations is not favored or regarded as a meritorious defense, nevertheless it may be pleaded as a defense, and the court cannot strike it out except for legal cause.

3.  LIMITATION OF ACTIONS—FOREIGN CORPORATION MAINTAINING AGENT FOR PURPOSE OF SERVICE OF PROCESS MAY PLEAD.
    A foreign insurance corporation, having complied with *Rev. Code* 1915, § 606, by appointing insurance commissioner as attorney upon whom lawful process may be had, is a resident of the state as far as service of process is concerned, under *Section* 4680, and may plead the statute of limitations as a defense to an action.

(*October* 14, 1921.)

HEISEL and RICHARDS, J. J., sitting.

*William S. Hilles* for defendant below, appellant.

*James I. Boyce* for plaintiff below, respondent.

Superior Court for New Castle County, September Term, 1921.

Sum. sur appeal from Court of Common Pleas, No. 114, January Term, 1921.

Motion to strike out plea of statute of limitations. Motion refused.

Counsel for plaintiff below, respondent, filed the following written motion:

"And now, to wit, this 16th day of May, A. D. 1921, Joseph Wilson Merrit, the above named plaintiff below, respondent, by James I. Boyce, Esq., his attorney, moves the court here to strike from the record of the above-entitled cause the plea of the statute of limitations filed by the above-named defendant below, appellant, on the 11th day of April A. D. 1921, on the following grounds:

"(1) For that the said plea was filed after judgment by default in favor of the plaintiff below, respondent had been opened upon the application of the defendant below, appellant.

"(2) For that due and timely objection was made to the plea of the statute of limitations upon the opening of the said judgment.

"(3) For that it appears from the record that the said defendant below, appellant, is a corporation of the state of Massachusetts, and hence is not entitled to plead the statute of limitations."

RICHARDS, J., delivering the opinion of the court:

This suit was originally brought in the court of common pleas in and for New Castle county, the service of the summons upon the defendant having been obtained by making service upon Thomas W. Wilson, then Insurance Commissioner of the state of Delaware. The plaintiff below obtained judgment for want of an answer in the sum of eight hundred and twenty-seven dollars and fifty cents ($827.50); which was opened two months later upon application of the defendant below, a hearing had before the court and judgment rendered for the plaintiff below. An appeal was then taken to this court by the defendant below and a plea of the statute of limitations entered.

Counsel for plaintiff below moved to strike out the plea of the statute of limitations for two reasons: first, that the plea was filed after judgment by default in favor of the plaintiff below had been opened, notwithstanding the fact that counsel for plaintiff

below objected to the opening of said judgment because the plea of the statute of limitations might be pleaded; second, that the defendant below, appellant, is a foreign corporation and consequently cannot avail itself of the plea of the statute of limitations.

The right of the court of common pleas to open the judgment given by default in favor of the plaintiff below is not questioned, but it is contended that on an appeal to this court from the judgment finally rendered by the court of common pleas, in favor of the plaintiff below, the defendant below, appellant, should not be allowed to plead the statute of limitations.

[1]  The statute creating the court of common pleas, being volume 29, c. 250, of the Laws of Delaware, provides that appeals may be taken from judgments rendered by said court to the Superior Court in the same manner that appeals are taken from judgments rendered by a justice of the peace. The right of either party to the suit on an appeal from a judgment rendered by a justice of the peace to this court, to plead the statute of limitations has never been denied so far as we know; on the contrary, this court has generally held that on an appeal to this court from a judgment rendered by a justice of the peace the case will be heard de novo, which gives the parties to the cause all the advantages of pleading to which they would have been entitled if the case had originated in this court. *Waples v. Layton & Sipple*, *3 Harr. 508*.

Is there, therefore, any reason why the defendant below, appellant, should at this time be denied the right to plead the statute of limitations? Counsel for the plaintiff below might well have argued that the statute of limitations could not have been pleaded after the judgment was opened in the court of common pleas, but this was not attempted.

In the case of *Waples v. Layton & Sipple*, *3 Harr.* 508, which was an appeal from a judgment rendered by a justice of the peace, to the Superior Court, where objection was made to the plea of the statute of limitations, the court said:

"The defendant has a right to plead the act of limitations on the appeal. This suit is precisely as if it had originated here and the respondent cannot

refer to the record of the proceedings below, except to state how this case came here; and the date of the proceeding commenced below, in reference to the plea of limitation."

[2] Admitting that the statute of limitations is not favored in this state, or regarded as a meritorious defense, nevertheless it may be pleaded as a defense, and the court cannot strike it out except for legal cause.

The cases of *Burton v. Waples*, 3 *Harr.* 75; *Waples v. McGee*, 2 *Harr.* 444; *Lycoming v. Bush*, 1 *Marv.* 181, 40 *Atl.* 947; and *Wright v. Wilmington City Railroad Co.*, 2 *Marv.* 141, 42 *Atl.* 440—cited in the reply brief of the plaintiff below, respondent, do not appear to us to be in point, the question being raised on a motion to amend the pleadings, the right to grant which is placed by the Constitution in the discretion of the court.

The pleadings in this case disclose the fact that the Red Men's Fraternal Accident Association of America, defendant below, appellant, is a foreign corporation, being incorporated under the laws of the state of Massachusetts; the pro narr, filed in this court, discloses the fact that it was, at the time the cause of action accrued, and prior thereto, engaged in the insurance business, and the return of the sheriff on the original writ issued out of the court of common pleas shows that it was served upon Thomas W. Wilson, the Insurance Commissioner of the state of Delaware. These facts being true, we are entitled to assume that the defendant below, appellant, had, before it commenced to do business in this state, complied with, and at the time this action was brought was still complying with, the provisions of the Insurance Department of this state with respect to insurance companies, corporations or associations organized under the laws of any other state; the law with respect thereto being found at Section 606 (section 35) of the Revised Code of Delaware 1915, which reads as follows:

"No insurance company, corporation, or association organized under the laws of any other state, or any foreign country, shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first appointed in writing the Insurance Commissioner of this state to be its attorney in this state, upon whom all lawful process, in any action or proceeding against it, may be served with the same effect as if the company, corporation, or association existed in this state. *    *    *"

After having complied with this law, was not the defendant below, appellant, at any time subject to the process of any and all courts of this state?

The plaintiff below, respondent, relies upon *Code*, § 4680, *of the Revised Code of* 1915, which is as follows:

"If at the time when a cause of action accrues against any person, he shall be out of the state, the action may be commenced, within the time herein limited therefor, after such person shall come into the state in such manner that by reasonable diligence, he may be served with process.    *   *   *"

We fail to see how the provisions of this statute apply to this case, because it was unlawful for the defendant below, appellant, to transact business in this state until it had designated the Insurance Commissioner its agent upon whom process could be served, and there was an agent in the state upon whom process could be served at the time the cause of action accrued, and the corporation, for the purpose of service, was within the state. Is it not a fact that a law like our insurance law, requiring a foreign corporation to maintain a person in the state upon whom process may be served as a requisite to doing business in the state, placed such corporation in the same position as a citizen or resident corporation so far as service of process is concerned?

[3] It does not seem to have been definitely settled by the courts in this country as to whether a foreign corporation is a resident of a state, other than the state of its creation, to the extent that it is entitled to plead the statute of limitations in actions against it; but it is well determined that when the foreign corporation has maintained an agent in the state upon whom process could have been served, during the period of the running of the statute, it may avail itself of the plea of the statute of limitations. *Cook on Corporations* (7th Ed.) § 757; *Thompson on Corporations* (2d Ed.) § 6750; *Winney v. Sandwich Mfg. Co.*, 86 *Iowa* 608, 53 *N. W.* 421, 18 *L. R. A.* 524; *Wall v. Chicago & N. W. Ry. Co.*, 69 *Iowa* 498, 29 *N. W.* 427; *Hubbard v. U. S. Mort. Co.*, 14 *Ill. App.* 40; *Huss v. Central R. R., etc., Co.*, 66 *Ala.* 472; *O'Conner v. Ætna Life Ins. Co.*, 67 *Neb.* 122, 93 *N. W.* 137, 99 *N. W* 845; *Taylor v. Union Pac. R. Co. (C. C.)*, 123 *Fed.* 155; *Burns v.*

*White Swan Mining Co.*, 35 *Or.* 305, 57 *Pac.* 637; *Express Co. v. Ware*, 20 *Wall.* 543, 22 *L. Ed.* 422; *Pierce v. Southern Pac. R. Co.*, 120 *Cal.* 156, 47 *Pac.* 874, 52 *Pac.* 302, 40 *L. R. A.* 350; *McCabe v. Ill. Cen. R. R. Co. (C. C.)*, 13 *Fed.* 827.

Do not the facts in the case before us sufficiently show that defendant below, appellant, had an agent in this state, during the period of the running of the statute, upon whom service could have been made?

The statute required it to appoint in writing the State Insurance Commissioner its attorney in this state, upon whom all lawful process could be served, and until that was done it could not lawfully transact business with the plaintiff below, respondent, or any one else. The service of process upon the Insurance Commissioner shows that he had been appointed as such agent and was still acting in that capacity. This we think plainly shows that the defendant below, appellant, had an agent in this state upon whom process could have been served during the period of the running of the statute, making it subject to process of all courts of the state, and entitles it to all advantages of pleading to which a citizen of the state would be entitled, including the plea of the statute of limitations.

Even the courts of the state of New York, which deny to a foreign corporation the right to plead the statute of limitations in that state, hold that a corporation like the defendant below, appellant, which is doing business here upon the authority of a license obtained from the Insurance Commissioner, may not with reason be held to be absent from the state. It is here with a representative for the service of process under an appointment required by the statute from which it obtains its right to transact business here. *Comey v. United Surety Co.*, 217 *N. Y.* 268, 111 *N. E.* 832, *Ann. Cas.* 1917E, 424.

The motion to strike out the plea of the statute of limitations is denied.