SECURITY TRUST AND SAFE DEPOSIT COMPANY, a corporation of the State of Delaware, *v.* F. IRVING WALLS and EDITH BURTON WALLS.

(*January* 17, 1936.)

RICHARDS and RODNEY, J. J., sitting.

*Reuben Satterthwaite, Jr.,* and *William S. Satterthwaite* for defendants.

*John J. Morris, Jr.,* (of Hering & Morris) for plaintiff.

Superior Court for New Castle County. Judgment No. 540, September Term, 1935. No. 91, Att. *fi. fa.*, November Term, 1935.

RODNEY, J., delivering the opinion of the Court:

The difficulties of the present case, more apparent than real, seem best solved by the chronological discussion of the attachment laws considered in connection with the statutory provisions concerning the domestication of foreign insurance companies.

In 1837 it had been determined by *Holland v. Leslie*, 2 *Harr.* 306, that a corporation, in the absence of statute, was not subject to the attachment laws and could not be summoned as garnishee. So the law remained until 1871. By *Chapter* 90, *Vol.* 14, *Laws Delaware, p.* 100, certain corporations (the exceptions not being here material) were made subject to the attachment laws. The statute, however, only applied to corporations of the State of Delaware, and under this statute service of attachments were required to be made on the President, Treasurer, Cashier or Paying Clerk.

In 1879, by *Section* 5, *c.* 22, *Vol.* 16, *Laws Delaware, p.* 29, amended by *Act of* 1881 (*Section* 7 of *Chapter* 347, *Volume* 16, *Laws of Delaware, p.* 359), foreign corporations transacting any insurance business in Delaware were required, *inter alia,* to file a certificate giving the name and residence of "a person or agent" upon whom service of process could be made.

In 1889, by *Chapter* 681, *Vol.* 18, *Laws Delaware, p.* 947, the *Attachment Law* (*Chapter* 90, *Vol.* 14, *supra*) was amended by striking out its restriction to Delaware corporations and making it applicable to all corporations doing business in Delaware.

The foregoing was the statutory status at the time of the decision of *National Bank of Wilmington & Brandywine v. Furtick*, 2 *Marv.* 35, 42 *A.* 479, 44 *L. R. A.* 115, 69

*Am. St. Rep.* 99, which is so strongly relied upon by the defendants herein. In that case a foreign attachment was issued against Furtick and a foreign insurance corporation was summoned as garnishee by leaving the process with Ferdinand L. Gilpin, "agent" of that corporation. This was the designated officer for the service of process under the foreign insurance company statute but was not one of the officers mentioned in the *Attachment Law*. In· the cited case the Court held that the foreign insurance company law provided for an officer to receive the service of such process as was provided by law at the time of its enactment (1879) but that at that time foreign corporations were not subject to attachment, not being so subject until 1889. The Court therefore held that the service of. process on the "agent" mentioned in the *Insurance Company Law* was not a proper service under the attachment statute. This case would be binding on us if the statutory situation had remained the same, but many changes have occurred during the intervening years.

In 1901, by *Section* 7 of *Chapter* 99, *Volume* 22, *Laws of Delaware,* the pertinent provisions of the foreign insurance companies' *Acts of* 1879 and 1881 were re-enacted, namely, that the insurance company should certify to the Insurance Commissioner the name and residence "of some person or agent within this State upon whom service of process may be made." This provision may be found as *Section* 578 of the *Revised Code of* 1915, being a portion of *Chapter* 20 of such *Code.*

In 1905, by *Chapter* 71, § 1, *Vol.* 23, *Laws Delaware, page* 112, it was enacted that no foreign insurance company should transact business in Delaware "until it shall have first appointed in writing the Insurance Commissioner of this State to be its attorney in this State, upon whom all

lawful process, in any action or proceeding against it, may be served with the same effect as if the Company  *  *  * existed in this State. Said power of attorney shall stipulate and agree on the part of the Company  *  *  *  that any lawful process against the same  *  *  *  shall be of the same legal force and validity as if served on the company."

This provision may be found as *Section* 606 of the *Revised Code of* 1915, being a portion of *Chapter* 20 of such *Code.*

In chronological order there now came an amendment to the *Attachment Law.* In 1919, by *Chapter* 226, *Vol.* 30, *Laws Delaware, p.* 608, the former law (found as *Section* 4120 of the *Revised Code of* 1915) was repealed and re-enacted with some change as to the officers upon whom service of attachment process might be had. In addition to the "president, treasurer, cashier, or paying clerk," as theretofore provided for the service of attachment process, there was added "any Director or the registered agent." It will thus be seen that by force of the two amendments of 1889 and 1919 to the original *Attachment Law,* all foreign corporations were made subject to be attached by the serving of process on the "registered agent" in addition to the other stipulated officers.

In 1931 all existing insurance laws were codified and consolidated by *Chapter* 52, *Vol.* 37, *Laws Delaware,* the title of which is, as follows:

"An Act to amend, revise and consolidate the Laws regulating the business of Insurance in this State, and for this purpose to repeal certain existing Laws relating to the business of Insurance, and to substitute for the same the revision and consolidation set forth in this *Act,* such revision and consolidation to become and be *Chapter* 20 of *Title Six* of the *Revised Code* of the *State of Delaware of* 1915."

This act is an express repealer of insurance legislation,

including the *Acts of* 1901 and 1905 (above mentioned), which had become, respectively, *Sections* 578 and 606 of *Revised Code of* 1915, both being found in *Chapter* 20 of said *Code*.

The *Act of* 1931, by "579. *Sec.* 8 *(e),*" *page* 176, substantially re-enacted the provisions of the 1905 *Act* providing for the appointment of the Insurance Commissioner as attorney for foreign insurance corporations and providing for the service of process on this attorney with the same legal force and validity as if served on the company.

██ The gist of the question now before us is, whether the Insurance Commissioner, by virtue of his appointment by a foreign insurance company as attorney for the service of process, is embraced within the term "registered agent" as used in the attachment laws as indicative of the person upon whom attachments could be served. We think he is. There is no magic in the term "registered agent." It simply means an agent who is registered or one who is designated by the company for the service of legal process pursuant to some statutory authority. The foreign insurance companies, by statute, from 1879 to 1905 filed a certificate giving the name of some "person or agent" on whom process should be served. Since 1905 the State of Delaware, like most other States, and partly to prevent inconvenience arising from the resignation, death or removal of the agent, has required that foreign insurance companies designate the Insurance Commissioner as the person on whom process should be served. 17 *Fletcher on Corporations*, § 8456. It is of no moment that these statutes use the term "attorney" as the designation of the agency to receive the service of process and not the express term "agent" itself. This is apparent from every consideration, including the history and effect of the statutory changes, and becomes doubly apparent from another viewpoint.

In 1897 the *Constitution of Delaware* provided, by *Article* 9, § 5, that no foreign corporation should do any business in Delaware without having an authorized agent or agents in the State upon whom legal process might be served. This same term, "authorized agent," is used in a statute (*Volume* 28, *Laws Delaware, c.* 106, *p.* 318) which applies to all foreign corporations other than insurance companies. Certainly the Insurance Commissioner, as especially designated attorney of the foreign insurance company to receive service of legal process, is an "agent" within the term "authorized agent" as provided by the *Constitution,* or there is no statutory provision concerning any service of process on foreign insurance companies and no foreign insurance company is legally doing business in Delaware. See *Red Men's Fraternal Acc. Ass'n of America v. Merritt,* 2 *W. W. Harr.* (32 *Del.*) 1, 117 *A.* 284. If the Insurance Commissioner be the "authorized agent" and if he be duly designated, then it is difficult to see ·why he is not the registered agent of such company as mentioned in the *Attachment Law,* for the term "registered agent" seems to be nowhere else used and its potency and force are derived from the fact that the person is an agent or representative of the company for the particular purpose and, as such, designated by the company pursuant to some requirement and so "registered," and there is no other special significance to be attributed to the word "registered," and there is neither place nor circumstance required in the statute for the registration.

We are not unmindful of the fact that attachments are purely statutory in their origin and that service of process of attachments must be made in strict conformity with the statute. We think it clear, however, that the Insurance Commissioner, the statutory attorney on whom process against a foreign insurance company may be served, is the

registered agent within the meaning of the *Attachment Law.*

The motion to vacate the return is denied.