## VREDENBURGH *v.* SNYDER.

Where the transcript of a record does not disclose the evidence in the court below, the appellate court is bound to presume that the evidence was sufficient to authorize the judgment.

In *scire facias* on a judgment, the judgment on its face, imports absolute verity, and cannot be impeached by any matter going behind it; but the defendant may plead matters arising subsequent to the rendition of the judgment sought to be revived.

Where a judgment is joint, and one of the defendants is dead, the plaintiff may revive the judgment against the other defendant, without making the personal representatives of the deceased debtor, a party to the proceedings in *scire facias.*

In *scire facias* against one of two joint judgment debtors, the other being dead, the failure of the plaintiff to present his claim against the estate of the deceased debtor, and have the same allowed—the estate being simply

sufficient for the payment of debts, is no sufficient cause against the issuing of execution on the judgment, against the surviving debtor.

The owner of a joint judgment against a principal and surety, the principal debtor having died since the rendition of the judgment, is not required to present his claim against the estate of the deceased, and have the same allowed, in order to preserve his remedy against the surety.

No damages are recoverable in *scire facias*, for delay of execution. The plaintiff recovers costs, but no damages.

In *scire facias*, the judgment should be that the plaintiff have execution for the judgment described in the *scire facias*, and his costs.

*Appeal from the Johnson District Court.*

SATURDAY, APRIL 10.

On the 5th of September, 1845, the plaintiff recovered judgment in the Johnson district court, against the defendant, and one William B. Snyder, for the sum of about one hundred and twenty dollars. In February, 1857, he filed his petition to revive said judgment, and obtain execution against the defendant—averring that in December, 1845, the said William B. Snyder departed this life. The petition is accompanied by the affidavit of the attorney of the plaintiff, to the effect that the judgment had not been satisfied, and specifying the amount still due thereon.

The defendant answered, admitting the rendition of the judgment, and admitting, as stated in the petition, that it had been satisfied in part—but he further says, that he "is not informed, and that it is impossible for him to ascertain, by any means within his power, or under his control, how much, if anything, is yet due upon said judgment, and calls for proof." He then proceeds to state, that his co-defendant in said judgment, at the time of his death, left a large amount of property, and more than sufficient to satisfy his debts; that soon after his death, administration was granted upon his estate; that it was duly administered, and all debts and claims presented, and allowed, were

fully paid and satisfied, leaving a large amount of property still belonging to said estate, and more than would be required to pay this judgment—of all which plaintiff had notice. He also avers, that said estate was legally bound to pay all of said judgment; that defendant was surety for the said decedent, upon the debt for which the judgment was rendered; that the plaintiff negligently suffered full administration to be made, of the property of the deceased, and did not file and prove said judgment; and that said claim, by reason of plaintiff's negligence, is forever barred, and cannot be recovered against said estate, " whereby the said plaintiff hath discharged the said estate, as well as this defendant, from further liability on said judgment." The answer calls for a reply under oath.

To so much of said answer as relates to the administration upon the estate, and the release of defendant, there was a demurrer, which was sustained. Defendant made no amendment, nor was there any replication, or further pleading. The cause being heard on "the issue joined, it was ordered, that plaintiff recover of defendant, the amount of said judgment, (less a payment admitted in the petition), with interest; and that execution issue therefor, and for costs. Defendant appeals.

*J. D. Templin & Co.*, for the appellant.

*Clark & Brother*, for the appellee.

WRIGHT, C. J.—Several objections are urged against the correctness of this proceeding. And first, it is insisted that upon the petition and answer, the judgment should have been for the defendant; and under this position, it is claimed that plaintiff should have replied under oath; that there was no replication, and that, therefore, the answer was to be taken as true. It will be seen, however, that after the demurrer was sustained to a portion of the answer, there was nothing left requiring a replication. So much of the answer as still remained, did not deny, or

take issue, upon any part of the petition. It is true, that defendant avers ignorance as to the amount due on said judgment, but upon this, there could be no issue, further than was already presented in the petiticn. The cause was heard, but upon what evidence does not appear, and we are bound to presume, that the proof for which defendant called, on this subject, was made to the satisfaction of the court, and was sufficient to authorize the judgment.

The Code provides, that after the lapse of five years, an execution can only issue after suing out a *scire facias*, and obtaining the requisite order of the court thereon. Section 1887. By Mr. Bouvier, *scire facias* is defined to be a judicial writ, founded upon some record, and requiring the defendant to *show cause* why the plaintiff should not have the benefit of such record. 2 Law Dictionary, 499. Again, it is defined as a judicial writ, and founded on matter of record, as judgments, recognizances, and letters patent, on which it lies to enforce the execution of them, or to vacate, or set them aside. 7 Bacon's Abridgement, 128. And the same author states, that though a judicial writ, yet it is so far in the nature of an original action, that the defendant may plead to it. The writ being founded upon some record, and in this case upon a judgment, the principle is well settled, that the judgment on its face imports absolute verity, and cannot be impeached by any matter going behind it. *Duncan, Adm'r*, v. *Hargrave et al.*, 22 Alabama, 150; *Miller* v. *Shackelford*, 16 Ib., 95; Tidd's Practice, 1046. But there is no doubt but that he can plead matters arising subsequent to the rendition of the judgment sought to be revived. And the defendant, having thus plead he presents now for our consideration, substantially, these questions:

*First.* Could the plaintiff revive his judgment against the defendant, as the survivor, without making the personal representatives of William B. Snyder also a party? Without determining whether the plaintiff might not have proceeded against the personal representatives,

alone, or whether he might not have united them with the survivor, we conclude that he might elect to proceed against the defendant, without uniting those representing his co-defendant. The practice is not uniform in different States, but we think this conclusion is justified from an examination of the following, among other authorities: *Green* v. *State Bank*, 5 Eng. 456; *Finn, as Adm'r* v. *Crabtree, as Adm'r*, 7 Ib.; Tidd's Practice, 1028; *Bolinger* v. *Fowler et al.*, 14 Ark., 27; *Storer* v. *Stroman*, 9 Watts & Serg., 85; *Morton* v. *Croghan*, 20 Johns., 106. In the case before us, it will be observed, that the judgment is personal, and the death of the co-defendant is recited in the petition and writ.

In the second place, we inquire, whether the failure of the defendant to present his claim against the estate of William B. Snyder, and have the same allowed, will relieve the plaintiff from the payment of the judgment, by reason of anything set up in the answer. We are of the opinion that he was not bound thus to present his demand, and that defendant cannot avoid the payment of the judgment, admitting the truth of the averments contained in his answer. One reason for this conclusion is, perhaps, sufficient. There is no averment or pretence, that the failure of plaintiff to present his claim against the estate, was the result of any agreement, contract, or understanding, with or without consideration, between him and the administrator. Neither is it charged that there was fraud or collusion in failing to demand payment of William B. Snyder. In substance, the answer does nothing more than state, that plaintiff did not press the collection of his debt against the principal. He was not bound to do so, in order to preserve his remedy against the surety. If the note had never been merged in the judgment, it would be no defence that the plaintiff had not sued the principal. If the surety desired to avoid his liability, upon any such ground, he could have required the plaintiff to sue, or permit him to sue; and had the latter refused or neglected to do so for ten days, he might have been discharged. Code, sec-

tions 970, 1, 2, and 3. And after judgment, such duty, in order to avoid liability, would certainly be much more imperative. And thus, we see, that there was something for the defendant to do, and that the mere failure to present the demand, would not prevent the plaintiff from reviving his judgment. We conclude, therefore, that the demurrer was properly sustained to the answer. And this conclusion we arrive at, without considering whether the defendant could, after judgment, show that he was surety; and without determining what, under other circumstances, might be the consequences resulting from a failure to collect the debt from the estate of the principal.

Finally, it is urged that no judgment should have been entered, but an order to revive the judgment, and for execution. This objection, we think, is well taken. No damages are recoverable in *scire facias*, for delay of execution; and it was not until the statute 8 & 9 W. III. c. 11, section 3, that the plaintiff was entitled to costs. Under our practice, the plaintiff recovers costs, but no damages. As already stated, it is a judicial writ, founded upon some record, requiring the defendant to *show cause*, &c. But no new judgment should be entered, but the entry should be that the plaintiff have execution for the judgment mentioned in the *scire facias*, and for costs. *Murrays Adm'r* v. *Baker*, 5 B. Monroe, 172; *Brown* v. *Harley*, 2 Florida, 159; *Camp* v. *Gainer*, 8 Texas, 372.

For this error, the judgment must be reversed, and remanded, with instructions to the court below to award execution.