POTTAWATTAMIE COUNTY v. TAYLOR ET AL.

1. **Surety**: DEATH OF OBLIGOR: BOND. A party having a claim based upon a bond executed by a decedent is not deprived of his right of action against the sureties on the bond by reason of his failure to present the claim to the administrator for allowance, unless it be shown that the administrator could have paid the claim if it had been presented.

*Appeal from Pottawattamie District Court.*

SATURDAY, DECEMBER 15.

It is averred in the petition that G. W. Braden was township clerk of Washington township, in Pottawattamie county, and that appellants were sureties upon his official bond; that Braden died in October, 1874, during his term of office, and failed to account for and pay over $125 of the road fund of said township. Judgment was prayed against said sureties.

The answer, in addition to a general denial, set up as a separate defense that administration was duly had upon the estate of said Braden, and that such proceedings were had thereunder as that said estate was fully administered upon, and the administrator discharged long prior to the commencement of this action; that plaintiff wholly neglected to make proof of its alleged claim against said estate; that the statutory period for doing so expired long prior to commencing this suit, and

that thereby plaintiff's claim against the principal in said bond was barred, and the said sureties released.

There was a demurrer to the second defense, upon the ground that plaintiff was not required to pursue the administrator of the estate, and that it does not appear from the answer that the estate was solvent, or able to pay any debts whatever.

The demurrer was sustained. A jury was impaneled to try the question as to the alleged failure to account. There was a verdict and judgment for the plaintiff. Defendants appeal.

*Clinton, Hart & Brewer*, for appellants.

*B. W. Hight* and *Dailey & Burke*, for appellee.

ROTHROCK, J.—I. The demurrer to the second defense was properly sustained, if for no other reason, because there was no averment that the estate of Braden was solvent, or

1. SURETY: death of obligor: bond.

that it paid anything beyond costs of administration and the preferred charges. It cannot be claimed that the county should have gone through the idle form of presenting a claim against an estate without sufficient assets to pay anything to its creditors. The answer should have shown some prejudice because of such failure.

Whether, if the estate had been solvent, it was the duty of the plaintiff to present the claim, we do not determine. It is a question of importance, and no examination seems to have been made by counsel as to the distinction, if any, between the liability of sureties upon official bonds, and their liability upon commercial paper.

II. It is claimed that the court erred in admitting an account book in evidence, part of the items in which were in the hand-writing of the deceased. We are unable to discover any error in this ruling when taken in connection with the other evidence in the case in regard to the book and the entries therein.

We think the verdict was fairly supported by the evidence.

AFFIRMED.