## JACKSON v. BENSON.

1. **Evidence**: OPINION OF WITNESS: DEED. It is not competent to ask a witness whether or not a certain instrument was a warranty deed. The contents of the deed being shown, its true construction is a question of law.

2. **Promissory Note**: WHEN MAKER IS DECEASED: SURETY. The holder of a promissory note, the principal maker of which is deceased, is not bound to inform a surety that the note is unpaid before the settle- ment of the principal's estate, nor to prove the same against the estate.

*Appeal from Franklin Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION on a promissory note. Trial to the court, judg- ment for the plaintiff, and the defendant appeals.

*Kellam, King & Henley,* for appellant.

*Fred Gilman* and *W. F. Harriman,* for appellee.

SEEVERS, J.—The note sued on was executed by Reed Benson as principal and the defendant as surety. Reed Ben- son died before the commencement of this action. The con- sideration was the sale and conveyance of certain real estate by the plaintiff to Reed Benson. The defendant pleaded payment, and that the land was encumbered at the time it was conveyed, which encumbrances had been paid by Reed

Benson. He also claimed the estate of said Benson was solvent; that the note had not been filed as a claim against the estate, which had been fully settled, the administrator discharged and the heirs were insolvent. He further claimed the plaintiff had represented the note had been paid, and but for this he would have presented the note against the estate, or seen that it was done. Several errors are assigned, but only two argued; these alone will be considered.

I. The conveyance executed by the plaintiff was not introduced in evidence, and the defendant sought to prove it contained covenants of warranty, but upon objection being made the evidence was excluded, as we think rightly, because of the well established rule that the contents of a writing cannot be proved by parol unless the absence of the writing has been sufficiently accounted for. This is not even claimed to have been done. Besides this, the witnesses were in substance asked whether the conveyance was a warranty deed or not. The contents being shown, this was a question of law as to which the opinion of a witness was improper and incompetent.

*1. EVIDENCE: opinion of witness: deed.*

The only point sought to be established by the evidence was either conceded or taken for granted by the court, for the amount shown to the satisfaction of the court to have been paid by Reed Benson in discharge of encumbrances on the real estate was allowed as a credit on the note. Conceding, therefore, the evidence to have been improperly excluded, the error was not prejudicial.

II. The plaintiff was not bound to inform the defendant the note was unpaid. Nor did his failure to present it as a claim against the estate of Reed Benson discharge the defendant. It was the duty of the latter to have paid the note if he desired to or could protect himself by filing it as a claim against the estate. As to whether the plaintiff represented the note had been paid there was a direct conflict in the evidence. We are unable

*2. PROMISSORY note: when maker is deceased: surety.*

to say there is a preponderance, even, in favor of the defendant, and, as the court has found otherwise, we cannot interfere.

AFFIRMED.