## GUINN *v.* IOWA CENT. RY. CO

*(Circuit Court, S. D. Iowa.  1882.)*

CORPORATION—JURISDICTION.

> The "principal place of business" of a corporation is no test of residence, whether of a corporation or of a natural person, as a person may reside in one state and have his principal or sole place of business in another state.

*Trimble, Caruthers & Trimble,* for plaintiff.

*H. E. J. Bourdman,* for defendant.

LOVE, D. J. The principle laid down in the case of *McCabe* v. *Ill. Cent. R. Co.* 13 FED. REP. 827, is decisive of the present case. The defendant is an Iowa corporation, having its principal place of business at Marshalltown, in the central division of the district of Iowa. Process was served upon its agent, C. M. Miller, at the town of Albia, in the southern division, returnable at Keokuk. The late act of congress, creating circuit court jurisdiction in the several divisions of the district of Iowa, provides, in substance, that suit shall be brought in the division in which the defendant has his residence. The defendant herein now moves to have the cause transferred to the central division on the ground that the residence of the defendant is at the principal place of business, which is in the central division. In addition to what is shown in the *Case of McCabe, supra,* it may be said that the "principal place of business" is no test of residence, whether of a corporation or natural person. A natural person might reside in one state and have his principal, or, for that matter, his sole place of business in another state. I presume that thousands of persons reside in Jersey City and have their principal place of business in New York, and many no doubt reside beyond the limits of the state of New York and carry on their *sole* business in the city of New York.

The motion is denied.