WALL, ADM'R, v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Statute of Limitations**: RESIDENCE IN IOWA: RULE AS TO RAILROAD COMPANY. A railroad company doing business in this state, though incorporated elsewhere, is always subject to notice and personal judgment in the courts of this state, and hence is a resident of this state, within the meaning of the statute of limitations, and it may rely upon the statute in bar of an action not begun within the time limited therefor. See opinion for citation of authorities *pro* and *con*.

*Appeal from Carroll Circuit Court.*

TUESDAY, OCTOBER 12.

THE plaintiff is administrator of the estate of John Wall, who in 1880 was an employe of the defendant, and who, by reason of the negligence of the other employes, was so injured that he soon thereafter died. It appears from the face of the petition that the cause of action accrued more than two years prior to the commencement of this action, and the defendant demurred, upon the ground that the action was barred by the statute of limitations. The demurrer was sustained, and plaintiff appeals.

*Geo. W. Paine*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

SEEVERS, J.—It is conceded that this action is barred if, in legal contemplation, the defendant was a resident of this state when it accrued, and continued to be such resident. It is provided by statute that " the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitations prescribed." Code, § 2533. The defendant is a foreign corporation, and it is insisted that it never has been a resident of this state, and that therefore the action is not barred. This thought is based on the holding in *Bank of Augusta v. Earle*, 13 Pet., 519, and *Ohio & M. R. Co. v. Wheeler*, 1 Black., 286. In these cases it is said that a corporation " exists by force of law, and can have no existence beyond the limits of the state or sovereignty which endows it with its faculties and powers."

It is true that a corporation cannot migrate; but that it may do business, contract and be contracted with, sue and be sued, in states other than the state by which it is incorporated, either by sufferance or express legislative authority, cannot be doubted. Such a corporation is protected by, and it should

be amenable to, the law of any state in which it does business, and enters into contracts and obligations. If it does business in any state other than that in which it was incorporated, it will be presumed to have assented to all the conditions imposed. *Railroad Co. v. Harris*, 12 Wall., 81. It sufficiently appears that the defendant is engaged in the operation of a railway in this state, and this it is authorized to do by express legislative enactment. Such has been the policy of the state at all times since 1855. Chapter 159, Laws Fifth General Assembly; Chapter 125, Laws 1870; Code, §§ 1275, 1276, 1300. Actions may be brought against railroad corporations doing business in this state, including the lessees, companies or persons operating the road, in any county through which the line of road passes or is operated. Code, § 2582. To effectuate the object of this statute, it is further provided that in such action "service may be made upon any agent of such corporation or person, wherever found, or upon any station, ticket, or other agent of such corporation, or person transacting the business thereof, in the county where suit is brought. If there is no such agent in said county, then service may be had upon an agent thereof transacting said business in any other county." Section 2611. We are authorized to take judicial notice of the records of this court, and we therefore know that foreign corporations doing business in this state have been compelled, where service has been made as above contemplated, to respond to actions commenced against them. The validity or sufficiency of the statute to effect the object intended has, not, as we are advised, been doubted.

The inquiry therefore seems to be pertinent, as the defendant has been at all times subject to be sued in the courts of this state, upon what theory is the statute of limitations based, what is its effect, and what is the meaning of "nonresident," as used in section 2533 of the Code? It was held in *Penley v. Waterhouse*, 1 Iowa, 498, that the words "out of this territory," in the statute under consideration in that

case, did not include a person who actually was not in the state, but who had a family therein, upon whom process could be served. It therefore would seem to be immaterial where the person actually is, if he has such a residence in the state, that process can be served as provided by law. The defendant is actually in this state, engaged in business, and for such purposes must be regarded as a resident of this state, for the simple reason that process can be served on it, and it can be made amenable in the courts of this state.

The plaintiff, at all times since the cause of action accrued, could have commenced this action, and brought the defendant into court, by the service of the requisite notice, as well as when he did .so. While it does not so appear, yet it is absolutely certain that the defendant was brought into court in this case by the service of a notice on an agent, as provided by statute. There is no other mode known to the law, except by attachment, and it is certain that such course was not adopted. The theory of the statute of limitations is that it operates to bar all actions except as against persons and corporations upon whom notice of the action cannot be served because of their non-residence. If such notice can be served, and a personal judgment obtained which can be enforced, in the mode provided by law, against the property of such person or corporation, wherever found, then such person or corporation is not a non-resident as contemplated by the statute of limitations. Counsel for the appellant does not claim that a judgment against the defendant would not have such force and effect, and therefore we have no occasion to determine that question, and only deem it necessary to refer, in this connection, to *St. Clair v. Cox*, 106 U. S., 350; S. C., 1 Sup. Ct. Rep., 354.

There is a statute in Nebraska, in substance the same as ours, in relation to the service of process on foreign corporations; and in *Express Co. v. Ware*, 20 Wall., 543, it was held, at least by the circuit court of the United States, if not by the supreme court, that such a corporation could plead the stat-

ute of limitations as a defense. See, also, *Ex parte Schollenberger*, 96 U. S., 369.

It was assumed, if not decided, in *Koons v. Chicago & N. W. R'y Co.*, 23 Iowa, 493, and *Cobb. v. Illinois Cent. R'y Co.*, 38 Id., 601, that a foreign corporation could plead the statute of limitations as a defense. It was held in *Olcott v. Tioga R. Co.*, 20 N. Y., 210, that a foreign corporation could not avail itself of the statute of limitations, and this case was followed in *Tioga R. R. v. Blossburg & C. R. R.*, 20 Wall., 143. But it was said in the last case: "The decisions (of the state court) upon the construction of the statute are binding on us, whatever we may think of their soundness on general principles." Whether the New York statute is substantially the same as ours we are not certainly advised; but, conceding that it is, we do not think the cases cited announce the correct rule, and therefore are unwilling to follow them.

The judgment of the circuit court is

                                                    **AFFIRMED.**