IN RE ESTATE OF JOHN HEBER DURO.

EVELYN IRENE ADDISON, née DURO, Appellant, v. LOUISE DURO SHAW, Administratrix, Appellee.

No. 46674.

APRIL 3, 1945.

166

R. W. Colflesh, J. L. Parrish, Jr., Parrish, Guthrie, Colflesh & O'Brien, all of Des Moines, for appellant.

Paul W. Steward, of Des Moines, for appellee.

SMITH, J.—John Heber Duro died April 10, 1941. A document purporting to be his will was filed and admitted to probate on *May 16, 1941*. Evelyn Irene Duro (now Evelyn Irene Addison, claimant and appellant herein) was the same day appointed and qualified as executrix and gave notice of her appointment. She was decedent's sister and sole beneficiary named in said document. Chapter 301, Acts of the Forty-ninth General Assembly, doing away with fourth-class claims and reducing the period of administration to six months, had then been enacted but did not become effective until the following July 4th.

On May 8, 1942, Louise Duro Shaw, decedent's daughter and sole heir (now administratrix and appellee herein), instituted proceedings to set aside the probate of said will. The same day claims were filed aggregating more than the appraised value of the estate. Thereafter, on *May 13, 1942*, claimant (then executrix) filed the claim in controversy here and on *May 14, 1942*, she caused notice of hearing thereon to be served by the sheriff on herself as executrix and proof of such service was filed in the estate. The claim is for $42,000 for alleged personal services and money loaned.

As a result of the will contest judgment was entered April 2, 1943, setting aside the probate of the will. The appointment of claimant as executrix was revoked and the present administratrix appointed. On appeal to this court that judgment was affirmed on May 2, 1944. Shaw v. Duro, 234 Iowa 778, 14 N. W. 2d 241. In the meantime no action had been taken as to the claims (including the one involved here) but on April 29, 1943, it was stipulated between the administratrix and the claimant and ordered by the court that no action on the claims would be taken nor any allowances made "until after a thirty (30) day written notice has been served upon Evelyn Irene Duro or her attorneys * * * and a Court Order entered therein assigning said claim or claims for trial and in no event shall any such trial or hearing

be had prior to the November, 1943, term of the above entitled [district] Court * * *.''

The administratrix (appellee) on July 25, 1944, filed answer to the claim involved here and an amendment to said answer on September 18, 1944. The merits of the claim itself are not involved in the appeal and the pleadings are material only because they present the one question for our determination, Was the claim barred by reason of failure to give a valid notice of hearing thereof within twelve months from the giving of the executrix' notice of appointment? It was submitted for separate adjudication as a point of law raised by the pleadings.

Both parties concede that the case is ruled by the statutory law in effect prior to July 4, 1941. Sections 11959, 11968, 11970, and 11972, Iowa Code, 1939, are involved. The claim was admittedly one of the fourth class (Code section 11970) and the notice of hearing provided for by Code section 11959 was required to be given within twelve months from the executrix' notice of appointment ''unless peculiar circumstances'' entitled the claimant to ''equitable relief.'' Code section 11972.

The claim was filed several days before the expiration of the twelve-months' period and notice of hearing thereon served by the sheriff on the executrix, who was herself the claimant. Appellee contends this notice was a nullity. This contention appellant denies, and in addition she asserts that there were ''peculiar circumstances'' entitling her to ''equitable relief.'' If either of these issues is decided in appellant's favor the case must be reversed. The trial court, in dismissing the claim, resolved both against her.

I. It must be conceded that the statutory procedural provisions applicable to a case such as we have here are not clear. Code section 11972 (in the absence of ''peculiar circumstances'' entitling claimant to ''equitable relief'') required service of the notice upon the personal representative of the estate ''within twelve months.'' But section 11968, Iowa Code, 1939, provides:

''If either of the executors or administrators is interested in favor of a claim against the estate, he shall not serve in any manner connected therewith, and if all are thus interested, the

court shall appoint some competent person a temporary executor or administrator in relation to such claim.''

Appellant was the executrix. Could she, by causing service of notice of her own claim upon herself, satisfy the statutory requirements to avoid the bar of the statute? Such service was, of course, in strict compliance with the letter of the statute. Appellee argues it was a nullity (1) because of the express provision of Code section 11968, supra, and (2) because of the common-law principle that appellant, being interested in the claim, could not represent the estate even to the passive extent of being served with notice as such representative.

In support of her contention appellee cites the Code section and many cases involving a variety of situations. Without discussion in detail, they may be roughly classified as follows: Cases in which it was held an *original notice* could not be served on an adversely interested agent or officer of defendant; cases in which some officer of court was held disqualified, by personal interest, to perform his official duties; cases in which it was held a notary public or other officer was not qualified to administer oath or certify acknowledgment in a matter in which he had a personal interest; and those in which it was held that knowledge of an adversely interested member of a board, or other officer or agent, would not be imputed to his principal. It is not necessary that we cite or discuss these cases in detail. The foregoing classification sufficiently indicates their nature.

We do not doubt the soundness of these various decisions, but they are not controlling here for reasons we shall point out. Nor do we think Code section 11968 nullifies the service of notice upon the executrix who was also the claimant.

It becomes necessary to inquire into the nature of the notice (provided for in Code section 11959) and the purpose it is intended to serve.

When an *original notice* is served upon an authorized agent in a suit against the principal, or upon an officer in a suit against his company, it marks the commencement of the action and is for the purpose of acquiring jurisdiction of the person of defendant. It imposes upon the one served the duty of acquainting his principal with the commencement of the proceeding in order

to avoid default and to enable the defendant to prepare his defense. Interest adverse to the principal in such a case clearly should and does disqualify the service agent. To hold otherwise would manifestly open a door to fraud. White House Mountain Gold Min. Co. v. Powell, 30 Colo. 397, 70 P. 679; Atwood v. Sault Ste. Marie L., H. & P. Co., 148 Mich. 224, 111 N. W. 747, 118 Am. St. Rep. 576.

This is not true of the notice prescribed by Code section 11959. It does not mark the commencement of an action. We have held that the filing of the claim is the commencement of the action and that the service of this notice is merely a device to bring it on for hearing. Phelps, Dodge & Palmer Co. v. Greenbaum, 87 Iowa 347, 54 N. W. 76. The estate is already in court. The court already has jurisdiction of it. No notice of the *filing* of the claim is necessary. Fritz v. Fritz, 93 Iowa 27, 29, 61 N. W. 169; Smith v. McFadden, 56 Iowa 482, 9 N. W. 350; Schriver v. Holderbaum, 75 Iowa 33, 39 N. W. 125.

True, under Code section 11972 the notice is made to serve an additional purpose. This is a limitation statute. Soppe v. Soppe, 232 Iowa 1293, 8 N. W. 2d 243. The service of a notice of hearing such as is prescribed by Code section 11959 is required to prevent the claim of the fourth class from becoming barred. But it imposes no additional duty upon the personal representative of the estate and imparts no information as to the filing of the claim not already imparted by the filing itself. Noble v. Morrey, 19 Iowa 509; Smith v. McFadden, supra.

Code section 11968 provides that the representative, when interested in the claim, "shall not serve in any manner connected therewith" and that the "court shall appoint some competent person a temporary executor or administrator in relation to such claims." In common practice the temporary administrator is appointed at the suggestion of the disqualified regular representative. We have never heard that practice condemned, though it does involve a certain performance of duty by the representative *in connection with his own claim.* But that duty must be performed in any event. The service of the notice upon the disqualified representative neither imposes the duty upon him nor relieves him of its performance. There must be a

temporary administrator appointed and the claim cannot be disposed of without such appointment.

Appellant, as claimant, complied with the letter of the statute. She did not thereby put it in her power as executrix to take any personal advantage of the estate by concealment, suppression, or affirmative action. The claim could only be further acted on after the appointment of another representative unless the court abdicated its clear duty under Code section 11968. There could be no judgment by default nor any fraud perpetrated by reason of the notice being served upon the executrix, who was herself the claimant, instead of upon a subsequently appointed temporary administrator. The claim and the proof of the service of notice were on file. The interest of the executrix was open and unconcealed. The service of the notice upon her merely made unnecessary (for the purpose of the limitation statute) any further service upon the temporary administrator, when and if appointed, or upon the subsequently appointed general administratrix.

Appellee argues that to hold notice could be validly served upon the executrix-claimant "would open the door to fraud, collusion and abuse"; that it would permit the "allowance of the claim by default"; that "she could have the notice served upon herself or acknowledge service thereof" and "retain the same in her possession"; and even that "such an adversely interested executrix could fraudulently acknowledge service of a pre-dated notice of hearing long after the expiration of the year and thereby revise and reinstate a claim previously barred."

The argument is unsound. To hold that service of this notice can be made upon an adversely interested executrix need not and does not imply that she can accept or waive service or fraudulently control or suppress the return of service. Code section 11968 adequately precludes such implications and guards against the suggested dangers.

We hold that under the record here there was compliance with the then-existing statutory provisions sufficient to avoid the bar of the statute. We, of course, have no knowledge or opinion of the merits of the claim but do hold claimant entitled to her day in court.

· It will be remembered that the foregoing discussion refers to the statutes as they stood before the effective date of chapter 301, Acts of the Forty-ninth General Assembly. · Code sections 11970 and 11972 are now so changed as to make much of this discussion academic.

II. It is to be observed that after the filing of the claim and service of notice thereon no temporary administrator was appointed and no hearing held at the succeeding July term of court as provided in the notice. The will contest was pending and the ultimate fate of the estate was in question. We understand no complaint is made on account of the delay pending the result of that contest and the appointment of a general administrator which made unnecessary the appointment of a temporary one. Still further postponement of hearing was stipulated by the parties subsequently and the estate is still open and no prejudice by reason of delay is shown. .

III. In view of our conclusion as to the sufficiency of the service of the notice to toll the statute of limitations, it is unnecessary to discuss whether "peculiar circumstances" are shown that would have entitled appellant to equitable relief.

For the reasons stated the decision of the trial court is reversed and the case remanded for trial upon the merits.— Reversed and remanded.

All JUSTICES concur. .