**DENVER–CHICAGO TRUCKING CO., Inc.
v. LINDEMAN.**

Civ. No. 290.

District Court, N. D. Iowa,
Cedar Rapids Division.

Oct. 17, 1947.

926

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, Iowa, for plaintiff.

J. H. Milroy, of Vinton, Iowa, Whitfield, Musgrave, Selvy & Fillmore, of Des Moines, Iowa; and Donnelly, Lynch & Dallas, of Cedar Rapids, Iowa, for defendant.

GRAVEN, District Judge.

Case involving statute of limitations as related to foreign corporations and involving the effect upon claimant's rights against the owner of a car involved in a motor vehicle mishap of claimant's failure to file claim against the estate of the non-owner driver of the car.

The plaintiff Denver-Chicago Trucking Company is a Nebraska corporation engaged in the interstate transportation of freight by motor. The defendant Howard Lindeman is a resident and citizen of the State of Iowa engaged in the transportation of freight by motor. On September 26, 1943, on a highway near Cedar Rapids, Iowa, a collision occurred between a tractor-trailer owned by the plaintiff and a tractor-trailer owned by the defendant. At the time of the collision, the two tractor-trailers were being driven by employees of the respective owners with their knowledge and consent. C. H. Stewart was the driver of the plaintiff's tractor-trailer and Walter Long was the driver of the defendant's tractor-trailer. Walter Long died on September 26, 1943, allegedly as a result of injuries received in the collision. Walter Long died intestate a resident of Benton County, Iowa. On July 10, 1945, Hazel A. Sauer, a resident and citizen of Iowa, was by the District Court of Iowa in and for Benton County appointed administratrix of his estate. On July 12, 1945, pursuant to court order, the claim of Hazel A. Sauer as administratrix against the Denver-Chicago Trucking Company for the alleged wrongful death of Walter Long was assigned to the defendant for purposes of collection. In this case, jurisdiction is based upon diversity of citizenship.

In these proceedings, the plaintiff and the defendant each in their own behalf sought recovery against the other for tractor-trailer and cargo damage occasioned by the collision. In addition, the defendant as an assignee for collection seeks to recover from the plaintiff for the alleged wrongful death of Walter Long. The defendant contends that he was released from liability upon plaintiff's claim for tractor-trailer and cargo damage because of the failure of the plaintiff to file a claim therefor against the estate of Walter Long. The plaintiff contends that the claim for the alleged wrongful death of Walter Long is barred by the applicable Iowa statute of limitation. A hearing was had at which the parties introduced their evidence bearing upon those issues and those issues were submitted for decision. The other issues in the case have not, as yet, been heard.

Section 614.1(3), Code of Iowa 1946, provides that actions for injuries to the person must be brought within two years. Section 614.1(5), Code of Iowa 1946, provides that actions for injuries to property must be brought within five years. Section

614.6, Code of Iowa 1946, provides that the time during which a "defendant is a nonresident of the state shall not be included in computing any of the periods of limitation."

The plaintiff's complaint in this case was filed on January 16, 1947. Following the filing of that complaint, the defendant set up the claim now asserted in its own behalf and the claim now asserted as assigned for collection. Previous thereto, no action had been brought on either of those claims. Since the collision took place on September 26, 1943, the claim for the death of Walter Long would have been barred under the Iowa two-year limitation statute above referred to on September 26, 1945, unless the running of that statute was suspended. It is the contention of the defendant that since the plaintiff has at all times been a foreign corporation, it has always been a nonresident of the state and that hence the statute of limitation never commenced to run as to the claim for the death of Walter Long. The statute of limitations is not involved as to the claims of the parties for property damage as the five year period for such claims has not run.

The plaintiff has at all times been a foreign corporation with its designated principal place of business at Omaha, Nebraska. It is engaged in the interstate transportation of freight by motor on a large scale. Its motor transport line runs from Chicago, Illinois to Denver, Colorado. That line is divided into four divisions with a divisional office for each division. The division known as the Cedar Rapids Division extends from Rock Falls, Illinois, to Grand Junction, Iowa. The divisional office for that division is located at Cedar Rapids, Iowa. Prior to 1943, the plaintiff built a building in Cedar Rapids, Iowa, for use as a divisional office and at all times since March 29, 1943, has maintained a divisional office in the building at that place. The plaintiff operates from 10 to 12 trucks each way each day over its line. At all times since March 29, 1943, the Cedar Rapids divisional office has been in charge of a resident divisional manager. The divisional manager employs and dismisses drivers, mechanics, attendants and other members of the divisional staff. He purchases gasoline, tires, oil, and other supplies needed to maintain the plaintiff's trucks. The local divisional manager has supervision over a staff of approximately 50 people. The divisional staff consists of drivers, mechanics, attendants and others. The members of the staff reside in Cedar Rapids. The drivers work out of Cedar Rapids and the rest of the staff work at Cedar Rapids serving and maintaining the plaintiff's trucks and handling its business. The divisional office of the plaintiff at Cedar Rapids is open 24 hours a day. The divisional office maintained by the plaintiff at Cedar Rapids is somewhat analogous to a railroad division point.

Under Chapter 494, Code of Iowa 1946, it is provided that any foreign corporation desiring to transact business in Iowa must first secure a permit to so do. In order to secure such permit, the foreign corporation must designate a resident agent upon whom service of notice of suit can be made. That Chapter further provides that if a foreign corporation does not designate such resident agent, or in the event that such resident agent cannot be found within the state, then service of notice of suit may be made upon the Secretary of State of Iowa. It is further provided in that Chapter that service made upon such resident agent shall have the same force and effect as though service were made within the County where the suit was brought. The plaintiff qualified to transact business in Iowa on March 29, 1943, and was issued a permit to so do. In connection with such qualification, the plaintiff designated George Cosson of Des Moines, Polk County, Iowa, as its resident agent for the service of notice of suit. The plaintiff's permit to transact business in Iowa and its designation of George Cosson as its resident agent for service, have continued in full force and effect at all times since March 29, 1943. Under the provisions of Chapter 617, Code of Iowa 1946, (Secs. 617.3, 617.6 and Rule 56, Iowa Rules of Civil Procedure) service of notice of suit may be made upon a foreign corporation by serving its general agent, or by serving any agent or other person transacting its business in the state. It would seem to be the Iowa rule that a foreign corporation

having secured a permit to transact business in the state cannot by withdrawing from the state absolve itself from being sued in the state upon claims which arose out of its transacting business in the state prior to such withdrawal. McClamroch v. Southern Surety Co., 1922, 193 Iowa 249, 187 N.W. 41. See also Darling Stores Corporation v. Young Realty Co., 8 Cir., 1941, 121 F.2d 112, certiorari denied 1941, 314 U.S. 658, 62 S.C. 111, 86 L.Ed. 527. At all times, from and including September 26, 1943, there has been in effect Sections 321.498 and 321.499 of the Code of Iowa 1946, which provides as follows:

321.498 *Legal effect of use and operation.*

"The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

321.499 *"Person" defined.*

"The term 'person', as used in section 321.498 shall mean:

"1. The owner of the vehicle whether it is being used and operated personally by said owner, or by his agent.

"2. An agent using and operating the vehicle for his principal.

"3. Any person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner.

"4. The executor or administrator of the estate of the owner or operator of the motor vehicle."

State statutes tolling the running of statutes of limitation during periods of non-residence or absence are common. Such statutes were obviously enacted because of the problem presented to a local claimant in the matter of the service of notice of suit during such periods. It would obviously be unfair to such a claimant to have a local statute of limitations run against his claim when service of the notice of suit was impossible or problematical. For purposes of Federal Court jurisdiction, a corporation is a resident and citizen of the state of its incorporation and not of any other state. 2 Cyclopedia of Federal Procedure (2d Ed.) p. 592. However, a state may give a foreign corporation the status of a resident under some of its statutes under certain conditions and deny it that status under the same statutes under other conditions and deny it that status under other statutes. McCabe v. Illinois Central R. Co., C.C.Iowa 1882, 13 F. 827. In federal court cases where jurisdiction is based upon diversity of citizenship, the question of when and under what conditions a foreign corporation is within or without a state statute tolling statutes of limitation must be found in the decisions of the highest court of the particular state. City Company of New York v. Stern, 1941, 312 U.S. 666, 61 S.C. 823, 85 L.Ed. 1110, reversing City Company of New York v. Stern, 8 Cir., 1940, 110 F.2d 601. For collection of cases as to various questions in regard to foreign corporations and the statute of limitations, see Weishaar v. Butters Pump & Equipment Co., 1939, 149 Kan. 842, 89 P.2d 864. 122 A.L.R. 1190 and Clawson v. Boston Acme Mines Development Co., 1928, 72 Utah 137, 269 P. 147, 59 A.L.R. 1318.

In the present case, the question is whether the Denver-Chicago Trucking Company is within or without the provisions of the Iowa tolling statute in question. The Iowa tolling statute in question relates to residence and not to citizenship. Bogue v. Chicago, B. & Q. R. Co., D.C. Iowa 1912, 193 F. 728. The Iowa law on the question is found in the cases of Wall v. Chicago & N. W. R. Co., 1886, 69 Iowa 498, 29 N.W. 427 and Winney v. Sandwich Mfg. Co., 1892, 86 Iowa 608, 53 N.W.

421, 18 L.R.A. 524. Decisions of other courts discussing or referring to the Iowa law on the subject are: Bogue v. Chicago, B. & Q. R. Co., D.C. Iowa 1912, 193 F. 728; Taylor v. Union Pacific R. Co., C.C. Neb. 1903, 123 F. 155; Tiller v. St. Louis & S. F. R. Co., C.C.Okl.1911, 189 F. 994, 998. See also Guinn v. Iowa Cent. Ry. Co., C.C. Iowa 1882, 14 F. 323.

In the case of Wall v. Chicago & N. W. R. Co., supra, the plaintiff, an administrator, brought an action against a foreign corporation to recover for the wrongful death of his intestate. The foreign corporation operated railroad lines in Iowa. The suit was brought more than two years after the death of the intestate. The defendant contended that the claim was barred by the Iowa two-year limitation statute. The plaintiff contended that the defendant being a foreign corporation that the statute of limitation was tolled by the Iowa statute now under consideration. The Iowa Supreme Court held that the defendant had the status of a resident under the tolling statute and that the claim of the plaintiff was barred. The Iowa Court (29 N.W. at page 428) stated: "The defendant is actually in this state, engaged in business, and for such purposes must be regarded as a resident of this state, for the simple reason that process can be served on it, and it can be made amenable in the courts of this state."

Six years later the Iowa Court decided the case of Winney v. Sandwich Mfg. Co., supra. In that case the plaintiff more than five years after his claim accrued brought an action against the defendant Sandwich Manufacturing Company, a foreign corporation, for damages for breach of warranty in connection with the sale of a harvester. The transaction which gave rise to the suit was had with a resident of Hampton, Iowa, who was engaged in business at that place. The defendant claimed that the Iowa five-year statute of limitation had run. The plaintiff claimed that the statute of limitation had been tolled by the Iowa statute providing that statutes of limitation should not run where the defendant was a nonresident. The defendant contended that the tolling statute was not applicable. Its claim was that the Hampton resident with whom the plaintiff had his transaction was its agent all during the five-year period and that such agent was resident of Iowa during all of that period and that service of notice of suit might have been made on such agent at any time during that period. The parties were in dispute as to whether the agency of the Hampton resident was such that service of notice of suit upon him would have constituted service upon the defendant. It was also the claim of the plaintiff, which was denied by the defendant, that any agency relation between the Hampton resident and the defendant had been terminated prior to the running of the statute. The trial court submitted to the jury the question as to the defendant's status as a nonresident under the tolling statute. The trial court in substance instructed the jury that if the Hampton resident was the defendant's agent all during the period and the plaintiff in the exercise of ordinary care might have ascertained that fact and served such agent with notice of suit, then the defendant did not have the status of a nonresident under the tolling statute. On appeal, the Iowa Supreme Court held that even though the situation as to the agency of the Hampton resident was as claimed by the defendant, yet it still had the status of a nonresident under the tolling statute and that the statute of limitation had not run against the plaintiff's claim. The Iowa Court (53 N.W. at page 423) stated: "In Wall v. Chicago & N. W. Railway Co., 69 Iowa 498, 29 N.W. 427, it was held that a foreign railroad corporation could avail itself of the defense of the statute of limitations. That decision was based upon the ground that, though the corporation was a resident of another state, yet it had a residence in this state for the purpose of being at any time served with process and made amenable in our courts. Without in any way impairing the force of that decision, we may say that we are not inclined to apply the rule there laid down to foreign corporations generally. A railroad company is of necessity obliged to operate its road. It must always have officers and agents in the state where its road is situated, in order to carry on its business. By our statutes it may be brought within the jurisdiction of our

courts by service of processes upon its general agent anywhere in this state; also process may be served on its station, ticket, or any other agent, or on any trustee or officer. Code, §§ 2611, 2612. In such cases, then, service of process may always be had on the corporation within the state. Not so in the case at bar. Here is a manufacturing corporation. It may establish an office or agency, and, if it does, process may be served in certain cases upon the agent or clerk employed therein. It may have a general agent in the state, in which case process may be served upon him. It may, however, carry on its business without either establishing an office or agency in the state, or having a general agent therein. Surely, in such a case, it would hardly be contended that the corporation was a resident of the state so as to be served with process; hence it could not avail itself of the defense of the statute of limitations. If appellant's theory is good, a foreign corporation can, at its pleasure, and for its own benefit, put in motion the statute. We do not think such result was ever anticipated by the legislature when it enacted the statute we have quoted. A foreign corporation, whose business in this state is such that it is not incumbent upon it to put itself in position to be at all times subject to the service of process, ought not to be permitted to shield itself behind the statute of limitations, because it may at some time or times (perhaps unknown to one having a cause of action against it) have an agent in this state upon whom process could be served. There is a wide distinction between the case of a railroad company, whose officers or agents may always be found within the state, and can readily be reached with process, and a foreign manufacturing corporation having perhaps a general agent in this state, who may have no settled abiding place, whose relations to the party he serves are not generally known to the public, and the knowledge of whose coming and going must of necessity be limited to a few individuals." The test or tests to be used in the present case in determining the status of the defendant as a resident or nonresident under the Iowa tolling statute under consideration must be ascertained from the cases of Wall v. Chicago & N. W. Ry. Co. and Winney v. Sandwich Mfg. Co., supra. The Iowa Court in the Wall case was of the view that there was little probability that a foreign corporation operating railroad lines in this state would be able to escape being served with notice of suit in this state. The Iowa Court held that because of that situation, the defendant had the status of a resident under the Iowa tolling statute. In the Winney case, the foreign corporation was engaged in manufacturing in another state. Its business activities in this state were of such a nature that it could easily have ceased to do business in it. Its business activities in this state were carried on by local sales agents whose agencies could be quickly terminated. The Iowa Court held that the defendant did not have the status of a resident under the Iowa tolling statute. The Iowa Court did not pass upon the question as to whether the defendant, in fact, could have been served with notice of suit in this state. It placed its decision upon the ground that the defendant could have quickly and easily arranged matters so that it could have escaped service of notice of suit. Thus, the fact that a claimant might be able to serve a foreign corporation in this state with notice of suit does not in and of itself give such corporation the status of a resident under the Iowa tolling statute. In order to have the status of a resident under that statute, it must, at least, appear that during the period of limitation, there was no probability of it being able to escape such service. The matter of whether anything more than nonescapability from service is required to give a foreign corporation the status of a resident under the Iowa tolling statute will be referred to later. Therefore, one of the questions presented in the present case is whether during the two-year period following September 26, 1943, there was any probability that the Denver-Chicago Trucking Company could have escaped being served with a notice of a suit for the wrongful death of Walter Long. As heretofore noted, the Denver-Chicago Trucking Company in connection with securing a permit to transact business in this state under the provisions of Chapter 494, Code of Iowa 1946,

designated a resident agent for service, which designation could not be withdrawn as to any claims arising out of its transaction of business in the state prior to such withdrawal. If that agent could not be found, service could be made on Secretary of State. Sec. 494.2 (6), Code of Iowa 1946. Therefore, under the provisions of Chapter 494, Code of Iowa 1946, there was no way in which the Denver-Chicago Trucking Company, during the two-year period following September 26, 1943, could have escaped being served in this State with a notice of suit for the wrongful death of Walter Long.

■ There has been heretofore set out the Iowa statutes relating to service on nonresident motorists. Under those statutes, the operation by the Denver-Chicago Trucking Company of the truck involved in the collision upon the Iowa highways constituted the appointment by it of the Commissioner of Public Safety of Iowa as its attorney for the service of all notices of suit growing out of such operation. All of the states have similar statutes. See Knoop v. Anderson, D.C.Iowa 1947, 71 F.Supp. 832, 836, 837. There is no way in which a nonresident motorist can revoke or withdraw an appointment made under such statutes. Therefore, under the provisions of the Iowa statutes relating to service of notice of suit on nonresident motorists, there was no way in which the Denver-Chicago Trucking Company, during the two-year period following September 26, 1943, could have escaped being served in this state with a notice of suit for the wrongful death of Walter Long.

Since the enactment of nonresident motorist service acts, courts in other jurisdictions have had to deal with the question of the running or tolling of statutes of limitations as to nonresident motorists. Cases on that question are found in the annotations to Bode v. Flynn, 1934, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480 and Arrowood, Adm'x, v. McMinn County, 1938, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855. A majority of the courts hold where a nonresident motorist is served under a nonresident motorist service act that the statute of limitations is not tolled as to such motorist by state statutes providing for the tolling of statutes of limitations in cases of absence or nonresidence. The Iowa Court has not, as yet, passed upon the question. A holding that the agency for service created by a nonresident motorist service act makes such motorist a resident under a tolling statute might on its face appear to be a contradictory holding. However, as heretofore noted, a state may give a nonresident the status of a resident under certain of its statutes and deny such party such status under other statutes.

The Iowa Court has not, as yet, directly or specifically passed upon the question as to whether anything more than nonescapability from service of notice of suit is required to give a foreign corporation the status of a resident under the Iowa tolling statute. In the cases of Wall v. Chicago & N. W. Ry. Co. and Winney v. Sandwich Mfg. Co., supra, there was not present the feature of the designation of an agent for service of notice of suit under the Iowa statutes relating to foreign corporations or the feature of the appointment of an agent for service under the Iowa nonresident motorist service act. The tests to be used in the present case in determining the status of the Denver-Chicago Trucking Company as a resident or nonresident, under the Iowa tolling statute under consideration, must be ascertained from the cases of Wall v. Chicago & N. W. Ry. Co. and Winney v. Sandwich Mfg. Co., supra. The Iowa Court in the Wall case was of the view that there was no probability that a foreign corporation operating railroad lines in this state would be able to escape being served with notice of suit in this state. The Court held that such foreign corporation had the status of a resident under the statute. The Iowa Court in the Winney case was of the view that it was probable that a foreign corporation engaged in the manufacturing business in another state could escape service of notice of suit by terminating its sales agency in the state. The Court held that such probability prevented it from having the status of a resident under the statute. In the present case, after September 26, 1943, there was no way in which the Denver-Chicago Trucking Company could have escaped service of notice of suit for the wrongful death of Walter

Long. The complete cessation by it of all activities in this state would have been of no avail. The fact that the Denver-Chicago Trucking Company did, in fact, during the period of limitation, continue to maintain its divisional office in this state and did, in fact, continue its other activities in this state, did make available other agents upon whom service of notice of suit could be made. However, it was inescapably subject to service of notice of suit at all times during the period of limitation whether it had continued such activities or not. As to whether a foreign corporation, in order to have the status of a resident under the Iowa tolling statute, must in addition to being inescapably subject to service of notices of suit, carry on business activities of a certain kind or character, is a question that has not been specifically passed upon by the Iowa Court. However, it is believed that the test adopted by the Iowa Court is solely that of inescapability from service of notices of suit. In the case of Wall v. Chicago & N. W. Ry. Co., supra, the Iowa Court (29 N.W. at page 428) states: "If such notice can be served, and a personal judgment obtained which can be enforced, in the mode provided by law, against the property of such person or corporation, wherever found, then such person or corporation is not a non-resident as contemplated by the statute of limitations."

In the present case, the situation of the Denver-Chicago Trucking Company was such that it meets the test just set forth.

If, however, it should be deemed that in addition to being inescapably subject to service of notice of suit, it is required that a foreign corporation be engaged in activities in this state of an apparently permanent and continuous character in order to have the status of a resident under the Iowa tolling statute, it is believed that the Denver-Chicago Trucking Company also meets that requirement. In this modern age, the term "permanent", is a relative one. While railroad lines are apparently permanent in character, yet statistics published by the Interstate Commerce Commission show that over 40,000 miles of railroad have been torn up or abandoned in recent decades. While motor transport lines of the type operated by the Denver-Chicago Trucking Company do not have the apparent permanency of railroad lines, yet judicial notice is taken of the fact that governmental franchises or permits to operate such lines constitute valuable property not likely to be suddenly given up or abandoned.

It is the holding of the Court that during the two-year period starting September 26, 1943, the Denver-Chicago Trucking Company had the status of a resident under the Iowa tolling statute, and that the claim asserted against it for the wrongful death of Walter Long is barred by the applicable Iowa statute of limitation.

The defendant in one division of his answer stated that the plaintiff had not, within the time prescribed by the applicable Iowa statute, filed a claim against the estate of Walter Long for its property damage claim, and that by reason of such failure, the claim of the plaintiff against the defendant was barred. The plaintiff moved to strike that portion of the answer upon the ground that the facts stated did not constitute a defense. That motion was submitted at the same time as the issue just heretofore referred to. The negligence claimed by the plaintiff is that of Walter Long, the driver of the tractor-trailer unit owned by the defendant. The plaintiff seeks to hold the defendant liable as the owner of the car and as the employer of Walter Long. The defendant claims: (1) that he was only secondarily liable for any damages occasioned by any negligence on the part of Walter Long; (2) that the primary liability for such damages was that of Walter Long and his estate; (3) that in the event of recovery against the defendant because of negligence of Walter Long, he would have had a right of recovery against Walter Long and his estate therefor; and (4) that the plaintiff, by failing to file its claim against the estate of Walter Long, deprived the defendant of such recovery.

Section 635.66, Code of Iowa 1946, provides that claims against the estate of a decedent must be filed within six months after the first publication or posting of the notice of the appointment of executors and administrators. Sec. 635.68, Code of Iowa 1946, provides, with certain exceptions not here

material, that any claims not so filed are barred. Section 635.61, Code of Iowa 1946, provides: "Contingent liabilities .must be presented and proved, or the executor or administrator shall be under no obligation to make any provision for satisfying them when they accrue." It does not appear that the defendant filed any contingent claim against the estate of Walter Long for the liability of Walter Long to the defendant in the event that recovery should be had against the defendant because of the negligence of Walter Long. Section 321.493, Code of Iowa 1946, provides: "In all cases where damage is done by any car by reason of the negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage." The Iowa Supreme Court in the recent case of Krausnick v. Haegg Roofing Co., 1945, 236 Iowa 985, 20 N.W.2d 432, at page 434, 163 A.L.R. 1413, states in regard to this statute as follows: "It is true the statute does in one way broaden the common law rule of liability. Robinson v. Bruce Rent-A-Ford Co., 205 Iowa 261, 266, 215 N.W. 724, 61 A.L.R. 851. In Page v. Koss Construction Co., 219 Iowa 1017, 257 N.W. 426, we held that the statute provides a cause of action different from one growing out of the relation of master and servant. Lind v. Eddy, 232 Iowa 1328, 6 N.W.2d 427, 146 A.L.R. 695, says the statute does not create the relationship of principal and agent, notwithstanding the language of some earlier cases, but that the liability created is analogous to that of a principal for the negligence of his agent. Seleine v. Wisner, 200 Iowa 1389, 206 N.W. 130, upholds the constitutionality of the statute even though it creates liability when no relationship of master and servant is shown."

■ In the present case it is admitted by the defendant in his pleadings that Walter Long was driving the defendant's tractor-trailer as an employee of the defendant and with the consent of the defendant. Thus, liability for any negligence of Walter Long in operating the tractor-trailer at the time in question could be imposed upon the defendant either by the master-servant relationship or by virtue of the statute referred to. It is the general rule that a servant is liable to his master for damages which the master has been compelled to pay to third persons because of the negligence of the servant, where the master himself is not at fault. See Hobbs v. Illinois Cent. Railroad Co., 1915, 171 Iowa 624, 152 N.W. 40, 41, L.R.A.1917E, 1023; 39 C.J. p. 1313. In the present case it is not claimed that there was any personal negligence on the part of the defendant. It is believed that whether the liability of the defendant in the present case is predicated upon the master-servant relationship, or upon the statute, that the defendant had the right to recover from Walter Long or his estate whatever damages the defendant was compelled to pay the plaintiff because of the collision. For a situation in which the distinction between the two theories of liability was of importance, see Alcock v. Kearney, 1939, 227 Iowa 650, 288 N.W. 785.

■ The failure of the holder of a tort claim to file it against a decedent's estate within the six months' period prescribed by statute, bars the claim as to such estate. Des Moines Transportation Co. v. Haring, Iowa 1947, 27 N.W.2d 210. Thus, in the present case, any claim that the plaintiff may have had against the estate of Walter Long is barred by the failure of the plaintiff to file its claim against the estate within the prescribed period. The defendant claims that its relation to Walter Long in regard to liability for damages growing out of the collision was that of surety. The defendant cites the Iowa cases of Auchanpaugh v. Schmidt, 1886, 70 Iowa 642, 27 N.W. 805, 59 Am.Rep. 459 and First National Bank of Shenandoah v. Drake, 1919, 185 Iowa 879, 171 N.W. 115 which hold that where the statute of limitations has run against the principal maker of a note, it is barred as to the surety even though, for various reasons, the full period of limitation had not run as to the surety. Those decisions are the present Iowa law. The defendant claims that the relation between him and Walter Long in regard to liability for damages occasioned by the collision is that of surety and principal and under those decisions that any claim against him growing out of collision in question is barred because the claim of the plaintiff

against the estate of Walter Long is barred by the failure of the plaintiff to file his claim within the prescribed six months' period. In the cases of Auchanpaugh v. Schmidt and First National Bank of Shenandoah v. Drake, supra, the statutes of limitations involved were general statutes of limitation. The question then presents itself whether the Iowa Supreme Court follows the same rule where the statute prescribing the period for filing of claims against an estate is involved. Under the applicable Iowa statute, a claimant may file his claim against the estate by filing it with the Clerk of the District Court in which the estate is being probated. He may, however, bring formal suit on his claim by original notice and petition naming the executor or administrator of the estate as the defendant. Hanen v. Lenander, 1916, 178 Iowa 569, 160 N.W. 18. A claim against an estate filed with the Clerk of the District Court stands in place of a petition. McCurdy v. Gilleland, 1945, 236 Iowa 362, 17 N.W.2d 829. Such filing is the same as the commencement of an action. In re Duro's Estate, 1945, 236 Iowa 165, 18 N.W.2d 199, 201. See also Knoop v. Anderson, D.C.Iowa 1947, 71 F.Supp. 832, 839, and American Surety Co. of New York v. Edwards & Bradford Lumber Co., D.C.Iowa 1944, 57 F.Supp. 18, 26.

The Iowa statute prescribing the time for filing claims against an estate has some of the features of a statute of limitations. Soppe v. Soppe, 1943, 232 Iowa 1293, 8 N.W.2d 243, 244. However, as held by the Iowa Supreme Court in a recent case that statute is a statute of non-claim. In re Peers' Estate, 1944, 234 Iowa 403, 12 N.W. 2d 894. Rules of law which are applicable to cases arising under ordinary statutes of limitations may not be applicable to cases arising under the Iowa statute prescribing the time for filing claims against estates. In re Peers' Estate, supra. The Iowa Supreme Court has consistently applied one rule of law in the case of sureties where the claim is barred against the principal obligor because of the failure of the claimant to bring suit against the principal obligor within the time fixed by ordinary statutes of limitations and another rule where the claim against the principal obligor is

barred because the claimant did not file a claim against the estate of such obligor within the time prescribed by statute. The Iowa Court has, since early times, held that the failure of a creditor to file a claim against the estate of the principal obligor does not release or discharge the surety.

The question of the release of a surety by the failure of the creditor to file a claim against the estate of the principal obligor, first came before the Iowa Supreme Court in the case of Vredenburgh v. Snyder, 1858, 6 Iowa 39. In that case, the question involved was the liability of the defendant on a judgment which had been rendered against the defendant and one Snyder. The defendant by answer, set up as a defense that he was a surety for Snyder on the obligation and that Snyder had died leaving more than sufficient property in his estate to pay his debts; and that the plaintiff had neglected to file a claim upon the judgment against the estate of Snyder; and, that because of such failure, the defendant had been discharged from liability. The plaintiff demurred to that defense. The Iowa Supreme Court held that the answer did not state a defense stating (6 Iowa at page 43) as follows: "In the second place, we inquire whether the failure of the plaintiff to present his claim against the estate of William B. Snyder, and have the same allowed, will relieve the defendant from the payment of the judgment by reason of anything set up in the answer. We are of the opinion that he was not bound to thus present his demand, and the defendant cannot avoid the payment of the judgment, admitting the truth of the averments contained in his answer * * *. In substance, the answer does nothing more than state that the plaintiff did not press the collection of his debt against the principal. He was not bound to do so in order to preserve his remedy against the surety. If the note had never been merged in the judgment, it would be no defense that the plaintiff had not sued the principal."

In the case of Pottawattamie County v. Taylor, 1877, 47 Iowa 520, where the defendant, a surety, by answer, set up the defense that the plaintiff had not filed a claim against the estate of the principal obligor.

The Iowa Court held that the answer did not set up a defense, in view of the fact that the answer did not state whether there were sufficient available assets in the estate of the deceased obligor to pay the obligation. In the present case, the defendant does not state whether there were any assets available for the payment of plaintiff's claim if it had been filed against the estate of Walter Long. In the case of Jackson v. Benson, 1880, 54 Iowa 654, 7 N.W. 97, the defendant was the surety on a note of which one Reed Benson was the principal obligor. When sued on the note, the defendant set up the defense that Reed Benson had died leaving an estate with sufficient assets to have paid the note if the plaintiff had filed a claim therein and that the plaintiff had neglected to file a claim therein and that by reason of such failure, the defendant was discharged from liability. The Iowa Supreme Court held that the defendant was not discharged by such failure on the part of the plaintiff stating (7 N.W. at page 98) as follows: "The plaintiff was not bound to inform the defendant the note was unpaid; nor did his failure to present it as a claim against the estate of Reed Benson discharge the defendant. It was the duty of the latter to have paid the note if he desired to or could protect himself by filing it as a claim against the estate." The Iowa Supreme Court still follows the rule laid down in the case of Jackson v. Benson, supra. In re Carpenter's Estate, 1930, 210 Iowa 553, 231 N.W. 376. See also collection of cases in annotation to Yerxa v. Ruthruff, 1909, 19 N.D. 13, 120 N.W. 758, 25 L.R.A.,N.S., 139, Ann.Cas.1912D, 809. The Iowa Supreme Court recognizes one exception to the general rule that the failure of a creditor to file a claim against the estate of a deceased principal obligor does not discharge the surety. That exception is where the creditor represents to the surety that it will not be necessary for such surety to file a claim against the estate of the principal obligor, and the surety relying upon such representations does not do so. In re Carpenter's Estate, 1930, 210 Iowa 553, 231 N.W. 376, 379. While under Section 635.61, Code of Iowa 1946, the defendant might have filed a contingent claim against the estate of Walter Long, the defendant does not claim that he did so or that his omission to so do was occasioned by any representations made by the plaintiff.

The defendant contends that because the failure of the plaintiff to file a claim against the estate of Walter Long has barred the plaintiff's claim as to such estate, that the case comes within the scope of the rule that where there is no recovery against the servant whose conduct gave rise to the claim, or there can be none against such servant, that there can be no recovery against the master. The rule referred to is the Iowa law. Hobbs v. Illinois Cent. Railroad Co., supra; Maine v. James Maine & Sons Co., 1924, 198 Iowa 1278, 201 N.W. 20, 37 A.L.R. 161. The defendant claims that the present case falls squarely with the holding of the Iowa Court in the case of Maine v. James Maine & Sons Co., supra. It is the Iowa law that a wife cannot maintain a suit against her husband for a tortious or negligent injury. Maine v. James Maine & Sons Co., supra. In the case of Maine v. James Maine & Sons Co., supra, the husband of the plaintiff was an employee of the defendant. While the plaintiff was riding in a car owned by the defendant and driven by her husband in the course of the defendant's business, she was injured because of the negligence of her husband in operating the car. The plaintiff sued the defendant employer. The Iowa Supreme Court held that the plaintiff could not maintain the suit. That Court stated that since the plaintiff could not have maintained a suit against her husband for injuries occasioned by his negligence because of the husband-wife relationship that she could not maintain a suit against his employer based upon that negligence. It is believed that the rule of that case is not applicable to the present case. The suit by the wife in that case was an attempt to accomplish by indirection that which the law said should not be accomplished. In the present case, there was no rule of law which prohibited the plaintiff from recovering directly from Walter Long or his estate. In the Maine case, no suit could be maintained by the wife against her husband ab initio. In the present case, the plaintiff had the right ab initio to

maintain a suit for property damage against Walter Long or his estate. The loss of that right was occasioned by a subsequent event; the failure to file a claim against the estate of Walter Long. Under the repeated holdings of the Iowa Supreme Court, such failure did not impair the rights of the plaintiff against the defendant.

It is the holding of the Court; (1) that the claim of the defendant as assignee for collection against the plaintiff for the alleged wrongful death of Walter Long is barred by the applicable Iowa statute of limitation; (2) that the failure of the plaintiff to file a claim against the estate of Walter Long for its property damage claim did not discharge or relieve the defendant from liability to the plaintiff thereon.

Judgment and order will be entered in accordance with those holdings.